| **Fill in this information to identify your case:** | |
|---|---|
| United States Bankruptcy Court for the: <br> DISTRICT OF DELAWARE | |
| Case number *(if known)* _____ Chapter __11__ | ☐ Check if this an amended filing |

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy                02/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Alpha Entertainment LLC** | |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **VKM Ventures, LLC; XFL** | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **82-2867778** | |
| 4. | **Debtor's address** | **Principal place of business** <br><br> **1266 East Main Street, Stamford, CT 06902** <br> Number, Street, City, State & ZIP Code <br><br> **Fairfield** <br> County | **Mailing address, if different from principal place of business** <br><br> _____ <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> _____ <br> Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | **https://www.alphaentllc.com/** | |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ | |

Debtor  **Alpha Entertainment LLC**  Case number (*if known*) _____
        Name

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
**7112**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No.
☐ Yes.

If more than 2 cases, attach a separate list.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____ Relationship _____
District _____ When _____ Case number, if known _____

Debtor  **Alpha Entertainment LLC**　　　　　　　　　　　　　　　　Case number (*if known*) _____
　　　　　Name

**11. Why is the case filed in *this district*?**   *Check all that apply:*

- ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ☒ No
- ☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

**Where is the property?** _____
　　　　　Number, Street, City, State & ZIP Code

**Is the property insured?**
- ☐ No
- ☐ Yes.    Insurance agency _____
　　　　　　Contact name _____
　　　　　　Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**   *Check one:*
- ☒ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ☐ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☒ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☒ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☒ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor  **Alpha Entertainment LLC**               Case number (*if known*) _____
        Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **04/13/2020**
              MM / DD / YYYY

X _____(signature)_____          **John Brecker**
Signature of authorized representative of debtor   Printed name

Title   **Independent Manager**

**18. Signature of attorney**

X   */s/ Michael R. Nestor*                      Date  **04/13/2020**
    Signature of attorney for debtor                   MM / DD / YYYY

**Michael R. Nestor**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 North King Street, Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **302-571-6600**      Email address   **mnestor@ycst.com**

**3526 DE**
Bar number and State

# WRITTEN CONSENT
# OF SOLE VOTING MEMBER
# OF ALPHA ENTERTAINMENT LLC

## April 12, 2020

The undersigned, being the sole voting Member of Alpha Entertainment LLC, a Delaware limited liability company (the "**Company**"), hereby adopts the following resolutions, by written consent, effective as of the date hereof:

**WHEREAS**, the Company is governed by a Second Amended and Restated Operating Agreement, dated May 2, 2019, entered into by World Wresting Entertainment, Inc., a Delaware corporation, and Vincent K. McMahon, as members (the "**LLC Agreement**");

**WHEREAS**, the Company desires and has requested that John Brecker and Vincent K. McMahon each serve as a Liquidating Agent (as defined in the LLC Agreement) of the Company and, in such capacity, to commence a case (the "**Chapter 11 Case**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and manage the business and affairs of the Company during the Chapter 11 Case;

**WHEREAS**, Mr. Brecker and Mr. McMahon have each agreed to serve in such capacity on behalf of the Company in its Chapter 11 Case.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that the Company commence a Chapter 11 Case under the Bankruptcy Code; and it is further

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("**Young Conaway**") shall be, and it hereby is, authorized, empowered, and directed to represent the Company, as debtor and debtor in possession, in connection with the Chapter 11 Case commenced by the Company under the Bankruptcy Code, and to (a) execute, acknowledge, deliver and verify the petition (the "**Petition**") and all other ancillary documents, and to cause the Petition to be filed with the Bankruptcy Court and make or cause to be made, prior to execution thereof, any modifications to the Petition or any ancillary document as the Company deems necessary, desirable, or appropriate to carry out the intent and accomplish the purpose of these resolutions; (b) execute, acknowledge, deliver, verify, and file or cause to be filed all petitions, schedules, statements, lists, motions, applications, and other papers or documents necessary or proper in connection with the foregoing; and (c) execute, acknowledge, deliver, and verify any and all other documents necessary or proper in connection therewith and to administer the Company's Chapter 11 Case in form or forms as the Company may deem necessary or proper and in order to effectuate the purpose of the intent of the foregoing resolutions; and it is further

**RESOLVED**, that John Brecker and Vincent K. McMahon are each hereby appointed to serve as a Liquidating Agent of the Company by a Majority in Interest (as defined in the LLC Agreement); and it is further

**RESOLVED**, that each Liquidating Agent of the Company, acting individually, shall be vested with all powers granted to a Liquidating Agent under the LLC Agreement and is hereby authorized to do and perform each and every act and thing whatsoever necessary to be done in connection with the Company during its Chapter 11 Case; and it is further

**RESOLVED**, that John Brecker, as a Liquidating Agent, shall be, and hereby is, authorized and directed on behalf of the Company to commence the Chapter 11 Case by executing, verifying, and delivering a voluntary petition in the name of the Company under Chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") in such form and at such time as the Liquidating Agent executing such petition shall determine; and it is further

**RESOLVED**, that any and all actions, whether previously or subsequently taken by the Liquidating Agent, that are consistent with the intent and purpose of the foregoing resolutions or in connection with any matters referred to herein, shall be, and the same hereby are, in all respects, ratified, approved, and confirmed.

**IN WITNESS WHEREOF**, the undersigned has executed this written consent to be effective as of the first date written above.

**SOLE VOTING MEMBER:**

_____
Name: Vincent K. McMahon

# WRITTEN CONSENT
# OF LIQUIDATING AGENT
# OF ALPHA ENTERTAINMENT LLC

## April 13, 2020

The undersigned, being a Liquidating Agent of Alpha Entertainment LLC, a Delaware limited liability company (the "**Company**"), hereby adopts the following resolutions, by written consent, effective as of the date hereof:

**WHEREAS**, the Company is governed by a Second Amended and Restated Operating Agreement, dated May 2, 2019, entered into by World Wresting Entertainment, Inc., a Delaware corporation, and Vincent K. McMahon, as members (the "**LLC Agreement**");

**WHEREAS**, the Company has appointed each of John Brecker and Vincent K. McMahon to serve as a Liquidating Agent (as defined in the LLC Agreement) of the Company to conduct the winding up of the business and affairs of the Company through a voluntary case (the "**Chapter 11 Case**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, each Liquidating Agent, acting individually on behalf of the Company, is authorized and empowered to commence the Chapter 11 Case and to take any actions on behalf of the Company as may be necessary or desirable in connection with the administration of the Chapter 11 Case;

**WHEREAS**, each Liquidating Agent has consulted with the management and financial and legal advisors of the Company and has considered funding and other options available to the Company in the Chapter 11 Case;

**WHEREAS**, Mr. McMahon has recused himself from the consideration and approval of any post-petition financing since he is a potential source of such post-petition financing; and

**WHEREAS**, Mr. Brecker, as a Liquidating Agent, on behalf of the Company, has determined that it is in the best interests of the Company and the Company's members, creditors, interest holders, and other interested parties to obtain post-petition financing for the Chapter 11 Case.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that the Company and any person designated by the undersigned Liquidating Agent acting on behalf of the Company shall be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to take all actions necessary or appropriate for the Company to obtain post-petition financing according to the terms negotiated by the Liquidating Agent or any person designated by the undersigned Liquidating Agent for such purposes; and it is further

**RESOLVED**, that to effectuate any such post-petition financing, the Company is authorized to enter into such loan agreements, documents, notes, guaranties, security agreements,

pledge agreements, and all other documents, agreements, or instruments (collectively, the "**Credit Documents**") as may be deemed necessary or appropriate by the Liquidating Agent; and it is further

**RESOLVED**, that the undersigned Liquidating Agent and any person designated by the Liquidating Agent as an authorized signatory of the Company (each an "**Authorized Signatory**") be, and each of them individually hereby is, authorized, on behalf of the Company, to execute and deliver any and all Credit Documents and to take any and all actions on behalf of the Company as may be necessary to effectuate the Credit Documents; and it is further

**RESOLVED**, that each Authorized Signatory be, and each of them individually hereby is, authorized and directed, on behalf of the Company, to do such other things and to execute such other documents as may be necessary and proper to effect the foregoing resolutions including the authorization of financing statements and such other notices or instruments as may be necessary or requested by lenders or any agent on behalf of any lenders; and it is further

**RESOLVED**, that all acts and deeds of any Authorized Signatory, or of any person or persons hereinafter agreed upon or designated by the undersigned Liquidating Agent, heretofore performed on behalf of the Company, in entering into, executing, performing, carrying out, or otherwise pertaining to the arrangements and intentions authorized by these resolutions are hereby ratified, approved, confirmed, and declared binding upon the Company; and it is further

**RESOLVED**, that the Company be, and it hereby is, authorized, to the extent applicable, to obtain the use of cash collateral, in such amounts and on such terms as may be agreed by the undersigned Liquidating Agent, as is reasonably necessary for the continuing conduct of the affairs of the Company.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned Liquidating Agent has executed this written consent to be effective as of the first date written above.

**LIQUIDATING AGENT:**

_____
Name: John Brecker

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------x
                                                           :
In re                                                      :    Chapter 11
                                                           :
ALPHA ENTERTAINMENT LLC,                                   :    Case No. 20-_____ (___)
                                                           :
         Debtor.¹                                          :
                                                           :
-----------------------------------------------------------x
```

**CONSOLIDATED LIST OF EQUITY INTEREST HOLDERS AND**
**CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**BANKRUPTCY RULES 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession hereby states as follows:

1. A list of the Debtor's equity interest holders as of the date hereof and the nature of their equity interests is attached hereto as <u>Exhibit 1</u>.

2. The following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Interest Holder | Percentage of Interests Held |
|---|---|
| World Wrestling Entertainment, Inc. | 23.5% of Class B Interests |

---

1 The last four digits of the Debtor's federal tax identification number are 7778. The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

26209271.1

**Exhibit 1**

| Name | Address | Nature of Equity Interests | Ownership Percentage |
|---|---|---|---|
| Vincent K. McMahon | 1241 East Main Street, Stamford, CT 06902 | Class A and Class B | Class A: 100%<br><br>Class B: 76.5% |
| World Wrestling Entertainment, Inc. | 1241 East Main Street, Stamford, CT 06902 | Class B | Class B: 23.5% |

26209271.1

**Fill in this information to identify the case:**

**Debtor name:** Alpha Entertainment LLC

**United States Bankruptcy Court for the:** District of Delaware

**Case number (if known):** 20-_____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 25 Largest Unsecured Claims and Are Not Insiders      12/15

A list of creditors holding the 25 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 25 Largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | ST. LOUIS SPORTS COMMISSION<br>308 N. 21ST STREET SUITE 500<br>ST LOUIS MO 63103 | | Contract | ☑ C<br>☐ U<br>☐ D | | | $1,600,000.00 |
| 2 | BEXEL NEP INTEGRATED SOLUTIONS<br>2 BETA DRIVE<br>PITTSBURGH PA 15238 | | Contract | ☐ C<br>☐ U<br>☐ D | | | $1,208,832.00 |
| 3 | ROBERT STOOPS<br>1266 E MAIN ST<br>STAMFORD 06902 06902 | | Employee contract | ☐ C<br>☐ U<br>☐ D | | | $1,083,333.33 |
| 4 | XOS<br>PO BOX 742251<br>ATLANTA GA 30374-2251 | | Contract | ☐ C<br>☐ U<br>☐ D | | | $887,752.00 |
| 5 | ELEVATE SPORTS PARTNERS<br>4949 MARIE P. DEBARTOLO WAY<br>SANTA CLARA CA 95054 | | Services | ☐ C<br>☐ U<br>☐ D | | | $856,175.33 |
| 6 | 47 BRAND<br>PO BOX 419648<br>BOSTON MA 02241 | | Goods | ☐ C<br>☐ U<br>☐ D | | | $846,000.00 |
| 7 | MARC TRESTMAN<br>1266 E MAIN ST<br>STAMFORD 06902 06902 | | Employee contract | ☐ C<br>☐ U<br>☐ D | | | $777,777.78 |
| 8 | TICKETMASTER BLUEDIGITAL<br>14643 COLLECTIONS CENTER DRIVE<br>CHICAGO IL 60693 | | Services | ☐ C<br>☐ U<br>☐ D | | | $655,148.46 |

Debtor **Alpha Entertainment LLC**  Case number *(if known)* **20-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui- dated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | JONATHAN HAYES  1266 E MAIN ST  STAMFORD 06902 06902 | | Employee contract | ☐ C  ☐ U  ☐ D | | | $633,333.33 |
| 10 | WINSTON MOSS  1266 E MAIN ST  STAMFORD 06902 06902 | | Employee contract | ☐ C  ☐ U  ☐ D | | | $583,333.33 |
| 11 | KEVIN GILBRIDE  1266 E MAIN ST  STAMFORD 06902 06902 | | Employee contract | ☐ C  ☐ U  ☐ D | | | $583,333.33 |
| 12 | JUNE JONES  1266 E MAIN ST  STAMFORD 06902 06902 | | Employee contract | ☐ C  ☐ U  ☐ D | | | $583,333.33 |
| 13 | JAMES ZORN  1266 E MAIN ST  STAMFORD 06902 06902 | | Employee contract | ☐ C  ☐ U  ☐ D | | | $583,333.33 |
| 14 | CP COMMUNICATIONS  9965 18TH STREET N  ST.PETERSBURG FL 33716 | | Services | ☐ C  ☐ U  ☐ D | | | $378,303.90 |
| 15 | NEW MEADOWLANDS STADIUM COMPANY, LLC  ONE METLIFE STADIUM DRIVE  EAST RUTHERFORD NJ 07073 | | Venue Costs | ☐ C  ☐ U  ☐ D | | | $368,000.00 |
| 16 | SOMETHING INKED  1018 ELM HILL PIKE  NASHVILLE TN 37210 | | Goods | ☐ C  ☐ U  ☐ D | | | $355,000.00 |
| 17 | INFRONT IX.COM  1261 BROADWAY  SUITE 200  NEW YORK NY 10001 | | Services | ☐ C  ☐ U  ☐ D | | | $354,750.00 |
| 18 | DC STADIUM LLC  100 POTOMAC AVE SW  WASHINGTON DC 20024 | | Venue Costs | ☐ C  ☐ U  ☐ D | | | $316,112.71 |
| 19 | HOUSTON ATHLETICS  3874 HOLMAN STREET. SUITE C  HOUSTON TX 77004 | | Venue Costs | ☐ C  ☐ U  ☐ D | | | $294,461.90 |
| 20 | JONES LANG LASALLE AMERICAS, INC. JLL  200 EAST RANDOLPH DRIVE  43RD FLOOR  CHICAGO IL 60601 | | Services | ☐ C  ☐ U  ☐ D | | | $290,203.00 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 25 Largest Unsecured Claims    Page 2

Debtor   **Alpha Entertainment LLC**                                                                                   Case number *(if known)* **20-**_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | TAMPA SPORTS AUTHORITY<br>4201 N. DALE MABRY HWY<br>TAMPA FL 33607 | | Venue Costs | ☑ C<br>☐ U<br>☐ D | | | $260,000.00 |
| 22 | YINZCAM<br>5541 Walnut Street<br>PITTSBURGH PA 15232 | | Services | ☐ C<br>☐ U<br>☐ D | | | $250,000.00 |
| 23 | EVOLUTION MEDIA CAPITAL, LLC<br>11620 WILSHIRE BLVD<br>SUITE 460<br>LOS ANGELES CA 90025 | | Contract | ☐ C<br>☐ U<br>☐ D | | | $250,000.00 |
| 24 | BIGGAME<br>13835 WELCH ROAD<br>DALLAS TX 75244 | | Goods | ☐ C<br>☐ U<br>☐ D | | | $217,311.00 |
| 25 | CHAMPION DATA<br>LEVEL 3 6 RIVERSIDE QUAY<br>SOUTHBANK 3006<br>AUSTRALIA | | Services | ☐ C<br>☐ U<br>☐ D | | | $215,000.00 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 25 Largest Unsecured Claims**    Page 3

**Fill in this information to identify the case:**

Debtor name   **Alpha Entertainment LLC**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)

☐ Check if this is an amended filing

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 25 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration   **Consolidated List of Equity Interest Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **April 13, 2020**      X  */s/ John Brecker*
                                         Signature of individual signing on behalf of debtor

                                         **John Brecker**
                                         Printed name

                                         **Independent Manager**
                                         Position or relationship to debtor