## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------x
                                          :
In re                                     :
                                          :   Chapter 11
ALPHA ENTERTAINMENT LLC,                  :
                                          :   Case No. 20-10940 (LSS)
        Debtor.¹                          :
                                          :
------------------------------------------------------x
```

### DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING (I) THE DEBTOR TO PAY CERTAIN PREPETITION TAXES AND FEES AND RELATED OBLIGATIONS AND (II) BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO

The debtor and debtor in possession in the above-captioned case (the "***Debtor***") hereby submits this motion (the "***Motion***"), pursuant to sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), for entry of an interim order (the "***Interim Order***") and a final order (the "***Final Order***"), substantially in the forms attached hereto as Exhibit A and Exhibit B, respectively, (i) authorizing, but not directing, the Debtor, in its discretion, to pay certain prepetition taxes and fees and related obligations that are payable to certain authorities (each an "***Authority***" and, collectively, the "***Authorities***"), and (ii) authorizing banks and other financial institutions (collectively, the "***Banks***") to honor and process check and electronic transfer requests related to the foregoing.  In support of this Motion, the Debtor relies on the *Declaration of Jeffrey N. Pollack in Support of Chapter 11 Petition and First-Day Pleadings*

---

[1]  The last four digits of the Debtor's federal tax identification number are 7778.  The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

(the "***First Day Declaration***"),[2] which was filed contemporaneously with this Motion and is incorporated herein by reference.  In further support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtor consents, pursuant to Rule 9013-1(f) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 541 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004.

## BACKGROUND

### A.    General Background

3.      On the date hereof (the "***Petition Date***"), the Debtor commenced this bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Case***").  The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

official committees have been appointed in the Chapter 11 Case and no request has been made for the appointment of a trustee or examiner.

4.     Additional factual background relating to the Debtor's business, capital structure, and the commencement of the Chapter 11 Case is set forth in further detail in the First Day Declaration.

**B.     The Taxes and Fees**

5.     In the ordinary course of business, the Debtor incurs or collects and remits a variety of taxes, including, without limitation, sales, use, and other miscellaneous taxes (collectively, the "***Taxes***").[3]  The Debtor also incurs certain other fees and assessments to Authorities (the "***Fees***" and, collectively with the Taxes, the "***Taxes and Fees***").  The Debtor remits the Taxes and Fees to the Authorities in accordance with applicable laws.  The Taxes and Fees are remitted at different times to the applicable Authorities, depending on the given Taxes and Fees.

6.     The Debtor estimates that approximately $125,000 in Taxes and Fees is accrued for prepetition periods but unpaid as of the Petition Date.[4]  Approximately $75,000 of this aggregate amount is anticipated to be due to the Authorities within 21 days of the Petition Date.

7.     The Debtor believes that it is current on all Taxes and Fees that were due and owing as of the Petition Date.  However, to the extent the Debtor has inadvertently failed to timely pay

---

[3] In addition to the Taxes discussed herein, the Debtor is required by law to withhold from its employees' pay amounts related to, among other things, federal, state and local income taxes and social security and Medicare taxes (collectively, the "***Withheld Amounts***") for remittance to the appropriate federal, state or local taxing authorities. The Debtor must then match from its own funds for social security and Medicare taxes and pay, based upon a percentage of gross payroll, additional amounts for state and federal unemployment insurance (collectively with the Withheld Amounts, the "**Payroll Taxes**").  The Debtor requests relief with respect to the Payroll Taxes in the *Motion for Entry of an Order (I) Authorizing the Debtor to Pay and Honor Certain (A) Prepetition Wages, Benefits, and Other Compensation Obligations; (B) Prepetition Employee Business Expenses; and (C) Workers' Compensation Obligations; (II) Authorizing Banks to Honor and Process Checks and Transfers Related to Such Obligations; and (III) Granting Related Relief,* filed contemporaneously herewith.

[4] Any estimates set forth herein do not include any potential prepetition liabilities related to the Taxes and Fees that may later come due as the result of an audit.  The Debtor requests authority, but not direction, to pay any amounts assessed after such an audit.

any Taxes and Fees that became due and owing prior to the Petition Date, the Debtor is not by this Motion seeking authority to remit any "catch up" payments, late penalties, or similar fees to any Authorities.

## RELIEF REQUESTED

8.      By this Motion, the Debtor requests that the Court enter the Interim and Final Orders, (i) authorizing, but not directing, the Debtor, in its discretion, to pay the Taxes and Fees owing on account of periods prior to the Petition Date, up to the caps set forth in the Interim Order and the Final Order, respectively, plus any Taxes and Fees subsequently determined upon audit, or otherwise, to be owed for periods prior to the Petition Date, and (ii) authorizing the Banks to honor and process check and electronic transfer requests related thereto.

## BASIS FOR RELIEF

9.      The Debtor believes that any failure to pay the Taxes and Fees could materially disrupt the Debtor's efforts to preserve and maximize the value of its assets in several ways:  (i) the Authorities may initiate audits of the Debtor, which would unnecessarily divert the Debtor's attention from the Debtor's chapter 11 efforts; (ii) the Authorities may attempt to file liens, seek to lift the automatic stay, and pursue other remedies that will harm the Debtor's estate; and (iii) certain of the Debtor's directors and officers could be subject to claims of personal liability, which would likely distract those key employees from their duties related to the Debtor's chapter 11 efforts.  In addition, the Debtor collects and holds certain outstanding tax liabilities in trust for the benefit of the applicable Authorities, and these funds may not constitute property of the Debtor's estate.  Moreover, unpaid Taxes and Fees may result in penalties and additional accrued interest.

**A.      Certain Taxes and Fees May Not Be Property of the Debtor's Estate.**

10.      Many of the Taxes and Fees are collected or withheld by the Debtor on behalf of

the applicable Authorities and are held in trust by the Debtor.  As such, these Taxes and Fees are

not property of the Debtor's estate under section 541 of the Bankruptcy Code.  *See, e.g.,*

*Begier v. Internal Revenue Serv.*, 496 U.S. 53, 57–60 (1990) (holding that any prepetition payment

of trust fund taxes is not a transfer subject to avoidance because such funds are not the debtor's

property); *In re First Pay, Inc.*, 773 F.3d 583, 590 (4th Cir. 2014) (same); *DuCharmes & Co. v.*

*Mich.* (*In re DuCharmes & Co.*), 852 F.2d 194 (6th Cir. 1988) (per curiam) (same); *In re Shank*,

792 F.2d 829, 833 (9th Cir. 1986) (holding that a sales tax required by state law to be collected by

sellers from their customers is a "trust fund" tax and not released by bankruptcy discharge);

*DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 435–36 (2d Cir. 1985) (same); *Rosenow v. Ill.*

*Dept. of Revenue* (*In re Rosenow*), 715 F.2d 277, 279–82 (7th Cir. 1983) (same); *W. Surety Co. v.*

*Waite* (*In re Waite*), 698 F.2d 1177, 1179 (11th Cir. 1983) (per curiam) (same).  The Debtor,

therefore, generally does not have an equitable interest in such funds, and it should be permitted

to pay those funds to the Authorities as they become due.[5]

**B.      Certain Taxes and Fees May Be Secured or Priority Claims Entitled to Special Treatment under the Bankruptcy Code.**

11.      Claims for certain of the Taxes and Fees are, or may be, priority claims entitled to

payment before general unsecured claims.  *See* 11 U.S.C. § 507(a)(8) (describing taxes entitled to

priority treatment).  Moreover, to the extent that such amounts are entitled to priority treatment

under the Bankruptcy Code, the respective Authorities may attempt to assess interest and penalties

if such amounts are not paid.  *See* 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a

---

[5] For the avoidance of doubt, the Debtor hereby requests authority to pay the Taxes and Fees as provided herein regardless of whether such Taxes and Fees constitute trust fund obligations.

penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss"). Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full before any general unsecured obligations of the Debtor. Therefore, payment of certain of the Taxes and Fees at this time will not unduly prejudice any rights or recoveries of junior creditors.

12.      It is also possible that some of the Taxes and Fees may be entitled to secured status on the property owned by the Debtor. As secured claims, these Taxes and Fees would be entitled to priority treatment when the Debtor sells the property that these Taxes and Fees are recorded against or if the Debtor confirmed a plan of reorganization. *See* 11 U.S.C. §§ 506(a); 1129(a)(9)(C); 1129(b)(2)(A) (requiring that any plan of reorganization "crammed down" over a class of secured creditors pay those creditors in full or allow those creditors to retain their liens). Thus, paying the Taxes and Fees would not prejudice the rights of other creditors of the Debtor.

**C.     Payment of Taxes and Fees as Provided Herein Is a Sound Exercise of the Debtor's Business Judgment.**

13.      Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under section 363(b) of the Bankruptcy Code, courts require only that the debtor "show that a sound business purpose" justifies the proposed use of property. *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070–71 (2d Cir. 1983) (requiring a "good business reason" to approve a sale pursuant to section 363(b)); *In re W.A. Mallory Co.*, 214 B.R. 834, 836 (Bankr. E.D. Va. 1997) ("This Court follows the 'sound business purpose' test when examining § 363(b) sales.") (citing *In re WBQ P'ship*, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995)). Moreover, "[w]here the debtor articulates a reasonable basis for its

business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule on the merits is a near-Herculean task."). Thus, if a transaction satisfies the business judgment rule, it should be approved under section 363(b) of the Bankruptcy Code.

14.     Furthermore, section 105(a) of the Bankruptcy Code further provides that a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code, pursuant to the "doctrine of necessity." The "doctrine of necessity" functions in a chapter 11 case as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code and further supports the relief requested herein. *See In re Lehigh & New Eng. Ry.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims if such payment is essential to continued operation); *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999) (holding that section 105(a) of the Bankruptcy Code "provides a statutory basis for payment of pre-petition claims" under the doctrine of necessity); *see also In re United Am., Inc.,* 327 B.R. 776, 781 (Bankr. E.D. Va. 2005) (acknowledging the doctrine of necessity is "a necessary deviation because otherwise there will be no reorganization and no creditor will have an opportunity to recoup any part of its pre-petition claim"); *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("Under [section 105(a)] the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor.").

15.    Moreover, the doctrine of necessity is designed to foster a debtor's rehabilitation, which courts have recognized is "the paramount policy and goal of Chapter 11." *Ionosphere Clubs*, 98 B.R., 174, 176 (Bankr. S.D.N.Y. 1989); *see also In re Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) ("[P]ayment by a debtor-in-possession of pre-petition claims outside of a confirmed plan of reorganization is generally prohibited by the Bankruptcy Code," but "[a] general practice has developed . . . where bankruptcy courts permit the payment of certain pre-petition claims, pursuant to 11 U.S.C. § 105, where the debtor will be unable to reorganize without such payment."); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) (approving payment of prepetition unsecured claims of toolmakers as "necessary to avert a serious threat to the Chapter 11 process"); *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 285–86 (S.D.N.Y. 1987) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits).

16.    The Debtor's ability to pay the Taxes and Fees is critical to preserving and maximizing the value of the Debtor's estate.  As discussed herein, payment of the Taxes and Fees will benefit the estate by (i) permitting the Debtor to pursue its chapter 11 efforts without interruption and (ii) reducing both the amount and priority of claims that could be asserted against the Debtor's estate.  If certain Taxes and Fees remain unpaid, the Authorities may seek to recover such amounts directly from the Debtor's directors, officers, or employees, thereby distracting these key personnel from the administration of the Chapter 11 Case.  *See e.g.*, *In re Am. Motor Club, Inc.*, 139 B.R. 578, 581–83 (Bankr. E.D.N.Y. 1992) ("[i]f the employer fails to pay over the trust fund taxes, the IRS may collect an equivalent amount directly from officers or employees of the employer who are responsible for collecting the tax" and finding director personally liable for

unpaid taxes) (citing *United States v. Energy Res. Co.*, 495 U.S. 545, 547 (1990)).  Any collection action on account of such penalties, and any potential ensuing liability, would distract the Debtor and its personnel to the detriment of all parties in interest.  The dedicated and active participation of the Debtor's officers and employees is integral to the success of the Chapter 11 Case.

17.    The Debtor's liability to pay the Taxes and Fees may ultimately result in increased tax liability for the Debtor if interest and penalties accrue on the claims for Taxes and Fees, which amounts may also be entitled to priority treatment.  Such a result would be contrary to the best interests of the Debtor's estate and stakeholders.  As noted above, many of the Taxes and Fees may be entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code.  As priority claims, these obligations must be paid in full before any general unsecured obligations of the Debtor may be satisfied.  To the extent that the Debtor is not able to timely pay the prepetition Taxes and Fees, it may ultimately be required to pay those amounts with additional interest and penalties.  The Debtor's failure to pay the prepetition Taxes and Fees as they come due may, thus, ultimately increase the amount of priority claims held by the Authorities against the Debtor's estate.  *See* 11 U.S.C. §§ 507(a)(8).  Accordingly, the court should grant the Debtor authority to pay the prepetition Taxes and Fees as provided herein.

**D.    The Court Should Authorize the Banks to Honor and Process the Debtor's Payments on Account of the Taxes and Fees**

18.    The Debtor also requests the Court to authorize the Banks, when requested by the Debtor, in its discretion, to honor and process checks or electronic fund transfers drawn on the Debtor's bank accounts to pay prepetition obligations described herein, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Debtor further requests

that all of the Banks be authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved pursuant to this Motion.

## SATISFACTION OF BANKRUPTCY RULE 6003(b)

19.     Pursuant to Bankruptcy Rule 6003(b), any motion seeking to use property of the estate pursuant to section 363 of the Bankruptcy Code or to satisfy prepetition claims within twenty-one days of the Petition Date requires the Debtor to demonstrate that such relief "is necessary to avoid immediate and irreparable harm."   The Debtor believes that, among other things, the success of its chapter 11 efforts will require it remaining in good standing with the Authorities, as well as the focused and fully devoted efforts of its directors and officers to this proceeding, rather than attending to any issues related to any failure to pay the Authorities on account of the Taxes and Fees.   Thus, if the relief requested herein is not granted, the Debtor's failure to satisfy the Taxes and Fees would cause the Debtor's estate immediate and irreparable harm by detracting from, and potentially derailing, the Debtor's efforts to maximize value of its estate and minimize administrative expenses.

20.     For this reason and those set forth above, the Debtor respectfully submits that Bankruptcy Rule 6003(b) has been satisfied and the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtor and its estate.

## WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

21.     Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As set forth throughout this Motion, any delay in paying the Taxes and Fees would be detrimental to the Debtor, its estate and creditors, as the Debtor's ability to run a successful chapter 11 sale process without any unexpected interruptions requires, in part, that it remain current with such obligations.

22.     For this reason and those set forth above, the Debtor submits that ample cause exists

to justify a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent

applicable.

## RESERVATION OF RIGHTS

23.     Nothing contained in the Interim Order, the Final Order, or this Motion (i) is

intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365

of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor or its

estate; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtor and its estate

with respect to the validity, priority or amount of any claim against the Debtor and its estate; or

(iii) shall be construed as a promise to pay a claim.

## NOTICE

24.     The Debtor will provide notice of this motion to:  (i) the United States Trustee for

the District of Delaware; (ii) the holders of the twenty-five (25) largest unsecured claims against

the Debtor; (iii) counsel to the Debtor's prepetition and postpetition lender; (iv) the United States

Attorney's Office for the District of Delaware; (v) the Internal Revenue Service; (vi) the United

States Securities and Exchange Commission; (vii) the Authorities; and (viii) any party that requests

service pursuant to Bankruptcy Rule 2002.  Notice of this motion and any order entered hereon

will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief

requested herein, the Debtor respectfully submits that no other or further notice is required or

necessary.

25.    WHEREFORE, the Debtor respectfully request entry of orders, substantially in the forms attached hereto as Exhibit A and Exhibit B, granting the relief requested herein and such other relief as is just and proper.

Dated:    April 13, 2020
          Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Shane M. Reil*

Michael R. Nestor (No. 3526) (mnestor@ycst.com)
Matthew B. Lunn (No. 4119) (mlunn@ycst.com)
Kenneth J. Enos (No. 4544) (kenos@ycst.com)
Travis G. Buchanan (No. 5595) (tbuchanan@ycst.com)
Shane M. Reil (No. 6195) (sreil@ycst.com)
Matthew P. Milana (No. 6681) (mmilana@ycst.com)
1000 N. King Street
Rodney Square
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

*Proposed Counsel to the Debtor and Debtor in Possession*

## EXHIBIT A

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x

In re

ALPHA ENTERTAINMENT LLC,

        Debtor.[1]

-----------------------------------------------------------x

:   **Chapter 11**
:
:   **Case No. 20-10940 (LSS)**
:
:
:   Ref. Docket No. __
:

## INTERIM ORDER AUTHORIZING (I) THE DEBTOR TO PAY CERTAIN PREPETITION TAXES AND FEES AND RELATED OBLIGATIONS AND (II) BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO

Upon the motion (the "***Motion***")[2] of the above-captioned debtor and debtor in possession (the "***Debtor***") for entry of an interim order (this "***Interim Order***") (i) authorizing, but not directing, the Debtor, in its discretion, to pay the Taxes and Fees to the Authorities, and (ii) authorizing the Banks to honor and process check and electronic transfer requests related thereto, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided, except as set forth herein; and this

---

[1]  The last four digits of the Debtor's federal tax identification number are 7778.  The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

[2]  Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "*Hearing*"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The Debtor is authorized, but not directed, in its discretion, to pay prepetition Taxes and Fees to the Authorities in the ordinary course of its business up to an aggregate amount of $150,000.

3.      Objections to entry of an order granting the Motion on a final basis must be filed by _____, 2020 at 4:00 p.m. (ET) and served on: (i) proposed counsel to the Debtor, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com), Kenneth J. Enos, Esq. (kenos@ycst.com), and Shane M. Reil, Esq. (sreil@ycst.com); (ii) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Richard Schepacarter (richard.schepacarter@usdoj.gov); (iii) counsel to the Debtor's prepetition and postpetition lender, K&L Gates, LLP, 599 Lexington Avenue, New York, NY 10022, Attn: John A. Bicks (john.bicks@klgates.com), James A. Wright III (james.wright@klgates.com), and Aaron S. Rothman (aaron.rothman@klgates.com).; and (iv) counsel to any statutory committee appointed in the Chapter 11 Case.   A final hearing, if required, on the Motion will be held on _____, 2020 at _____.m. (ET).   If no objections are filed to the Motion, this Court may enter a final order without further notice or hearing.

4.      The Banks are authorized, when requested by the Debtor, in the Debtor's discretion, to honor and process checks or electronic fund transfers drawn on the Debtor's bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Interim Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtor, as provided for in this Interim Order.

5.      Nothing in this Interim Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor and its estates; (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority or amount of any claim against the Debtor and its estates; or (c) shall be construed as a promise to pay a claim.

6.      The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

7.      The requirements of Bankruptcy Rule 6003(b) are satisfied.

8.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: _____, 2020
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

## Proposed Final Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x
                   :

**In re**                  :    **Chapter 11**
                   :

**ALPHA ENTERTAINMENT LLC,**  :    **Case No. 20-10940 (LSS)**
                   :

       **Debtor.[1]**         :
                   :   **Ref. Docket Nos. ___&___**
-------------------------------------------------------x

### FINAL ORDER AUTHORIZING (I) THE DEBTOR TO PAY CERTAIN PREPETITION TAXES AND FEES AND RELATED OBLIGATIONS AND (II) BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO

Upon the motion (the "***Motion***")[2] of the above-captioned debtor and debtor in possession (the "***Debtor***") for entry of a final order (this "***Final Order***") (i) authorizing, but not directing, the Debtor, in its discretion, to pay the Taxes and Fees to the Authorities, and (ii) authorizing the Banks to honor and process check and electronic transfer requests related thereto, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need

---

[1]  The last four digits of the Debtor's federal tax identification number are 7778.  The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

[2]  Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtor is authorized, but not directed, in its discretion, to pay prepetition Taxes and Fees to the Authorities in the ordinary course of its business up to an aggregate amount of $215,000, plus any Taxes and Fees subsequently determined upon audit, or otherwise, to be owed for periods prior to the Petition Date.

3.      The Banks are authorized, when requested by the Debtor, in the Debtor's discretion, to honor and process checks or electronic fund transfers drawn on the Debtor's bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtor, as provided for in this Final Order.

4.      Nothing in this Final Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor and its estates; (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority or

amount of any claim against the Debtor and its estates; or (c) shall be construed as a promise to pay a claim.

5.      The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

6.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____, 2020
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

26209401.8