## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
                                                           :
In re                                                      :
                                                           :    Chapter 11
ALPHA ENTERTAINMENT LLC,                                   :
                                                           :    Case No. 20-10940 (LSS)
                    Debtor.¹                                :
                                                           :
-----------------------------------------------------------x
```

### DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING (I) THE DEBTOR TO HONOR AND REFUND CERTAIN CUSTOMER OBLIGATIONS; AND (II) BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO

The debtor and debtor in possession in the above-captioned case (the "***Debtor***") hereby submits this motion (the "***Motion***") for entry of an interim order (the "***Interim Order***") and a final order (the "***Final Order***"), substantially in the forms attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively, pursuant to sections 105(a), and 363 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), authorizing (i) the Debtor to refund the value of cancelled game tickets to Season Ticket Holders (defined below); and (ii) authorizing banks and other financial institutions (collectively, the "***Banks***") to honor and process check and electronic transfer requests related to the foregoing.  In support of this Motion, the Debtor relies on the *Declaration of Jeffrey N. Pollack in Support of Chapter 11 Petition and First-Day Pleadings* (the "***First Day Declaration***"),² which was filed contemporaneously with this Motion and is

---

¹  The last four digits of the Debtor's federal tax identification number are 7778.  The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

²  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

incorporated herein by reference.  In further support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtor consents, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## BACKGROUND

**A.      General Background**

3.      On the date hereof (the "***Petition Date***"), the Debtor commenced this bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Case***").  The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in the Chapter 11 Case and no request has been made for the appointment of a trustee or examiner.

4.      Additional factual background relating to the Debtor's business, capital structure, and the commencement of the Chapter 11 Case is set forth in further detail in the First Day Declaration.

**B.      The Season Ticket Offerings**

5.      As set forth more fully in the First Day Declaration, prior to the Petition Date, the Debtor provided authentic high-energy professional football, reimagined for the 21st century with many innovative elements bringing fans closer to the players and the game they love, during the time of year when they wanted more football.  The league debuted on February 8, 2020 to immediate acclaim.   Just weeks after the first games were played, however, the worldwide COVID-19 pandemic forced the Debtor to cancel the remainder of its inaugural season, costing the nascent league tens of millions of dollars in revenue.  After considering all available strategic options, the Debtor and its professional advisors determined that the best course to preserve and maximize the value of the Debtor's estate is through a chapter 11 sale process.

6.      In the ordinary course of its business prepetition, the Debtor offered various ticketing options for fans, including season tickets (the "***Season Tickets***") for those loyal fans wishing to enjoy all of the home games of their favorite team.  Fans purchased Season Tickets (such fans, collectively, "***Season Ticket Holders***") through Ticketmaster, which collected deposits and payments via credit card or check.  Season Ticket prices ranged from $100 to $600, depending on the team and location.

7.      As noted above, on March 20, 2020, the Debtor made the difficult but necessary decision to cancel the remainder of its inaugural season after just five weeks, rendering the Season Tickets unusable.  Accordingly, on March 19, 2020, the Debtor advised Season Ticket Holders via email, of their option to either (i) obtain a refund of the remaining value of their canceled game tickets or (ii) roll over the canceled game tickets into the 2021 season.  Many

26342596.2

Season Ticket Holders opted for a refund, but a number chose to roll over the value of their cancelled game tickets to the following season.

8.      Given the continuing uncertainty created by the COVID-19 pandemic and increased economic hardship facing many Americans, including Season Ticket Holders, on April 9, 2020, the Debtor advised those Season Ticket Holders who had previously opted to roll over their cancelled game tickets that the Debtor would instead issue them a refund for the value of their cancelled game tickets.

9.      On April 9, 2020, the Debtor initiated refunds to those Season Ticket Holders that purchased their tickets by credit card.  However, (i) not all Season Ticket Holders were able to receive the refunds based on a currently inactive credit card linked to their purchasing account, and (ii) not all Season Ticket Holders purchased the Season Tickets by credit card. As a result, the Debtor must issue the remaining Season Ticket refunds by check or initiate a refund to a different credit card provided by the Season Ticket Holders.  As of the Petition Date, the Debtor estimates that the amount of Season Ticket refunds that were not processed or received prior to the Petition Date is approximately $3,500,000.

## RELIEF REQUESTED

10.      The Debtor hereby requests entry of the Interim Order and the Final Order authorizing (i) the Debtor to refund the value of any cancelled game tickets to Season Ticket Holders, *provided*, *however*, that any payments to individual Season Ticket Holders in excess of the statutory cap under 11 U.S.C. § 507(a)(7) shall be subject to entry of the Final Order; and (ii) authorizing Banks to honor and process check and electronic transfer requests related to the foregoing.  The Debtor believes that the refunds are ordinary course transactions, consistent with

its policies and past practice, and therefore do not require Court approval. Nonetheless, the Debtor seeks the relief requested herein out of an abundance of caution.

**BASIS FOR RELIEF**

**A.      Honoring Refunds of the Cancelled Season Tickets is Warranted under Sections 105(a) and 363(b) of the Bankruptcy Code**

11.      The Debtor believes that the refunds described herein are ordinary course transactions, consistent with its prepetition policies and past practice, and therefore do not require Court approval.  Nonetheless, the Debtor files this motion out of abundance of caution, and to provide comfort to the Season Ticket Holders that it intends to honor its obligations to its loyal customers, particularly in light of the COVID-19 crisis and the resulting financial difficulties facing so many American families.  The Debtor further believes that the relief requested herein is necessary to preserve and maximize the value of its estate and can therefore be approved under sections 105(a) and 363(b) of the Bankruptcy Code.

12.      Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  Under this section, a court may authorize a debtor to pay certain prepetition claims.  *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (authorizing payment of prepetition claims where the debtors articulate "some business justification, other than the mere appeasement of major creditors"); *see also In re James A. Phillips, Inc.*, 29 B.R. 391, 397 (S.D.N.Y. 1983) (authorizing, pursuant to section 363, a contractor to pay prepetition claims of some suppliers who were potential lien claimants, because the payments were necessary for the general contractors to release funds owed to the debtors).

13.      In addition, pursuant to section 105(a) of the Bankruptcy Code, the Court "can permit pre-plan payment of a prepetition obligation when essential to the continued operation of

the debtor." *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992); *see also In re Just for Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 1999) (finding that debtor must show that payment of prepetition claims is critical to debtor's restructuring to invoke necessity of payment doctrine).

14.     The Debtor believes that honoring its obligations to the Season Ticket Holders by refunding the value of any cancelled game tickets is necessary and appropriate for the Debtor to maintain the goodwill of its loyal fans and customers, thereby preserving the value of the Debtor's estate for the benefit of all parties in interest.   Moreover, section 507(a)(7) of the Bankruptcy Code establishes a priority for "unsecured claims of individuals, to the extent of $3,025 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided."   The Debtor submits that its obligations to the Season Ticket Holders may give rise to priority claims under section 507(a)(7) of the Bankruptcy Code.   *In re WW Warehouse, Inc.*, 313 B.R. 588 (Bankr. D. Del. 2004) (finding that gift certificate holders are entitled to priority status under section 507(a)(7)).   In that case, the Debtor's general unsecured creditors will not be prejudiced by the issuance of any refunds, as such amounts would be required to be paid ahead of any lower-priority creditors.   Lastly, if the Debtor is unable to honor prepetition obligations in connection with the Season Tickets, it could have a significant adverse impact on individual Season Ticket Holders who purchased the Season Tickets but are now unable to use them.

**B.      Processing of Checks and Electronic Fund Transfers Should be Authorized**

15.     The Debtor has sufficient funds to pay any amounts related to the cancelled value of the Season Tickets in the ordinary course of business.   Under the Debtor's existing cash management system, the Debtor has made arrangements to readily identify checks or wire transfer requests relating to the Season Tickets, as applicable.   The Debtor believes that there is

26342596.2

minimal risk that checks or wire transfer requests that the Court has not authorized will be inadvertently made.  Thus, the Debtor requests that the Court authorize all applicable Banks to honor and process any and all checks to customers, or issue new checks, in respect of the value of the cancelled Season Tickets, and to honor and process any credit card refunds that were delayed or misdirected in respect of the Season Tickets.

## IMMEDIATE RELIEF IS NECESSARY

16.    Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003.  The Debtor submits that for the reasons set forth above and in the First Day Declaration, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor.

## WAIVER OF ANY APPLICABLE STAY

17.    The Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  As set forth throughout this Motion, any delay in paying the Season Ticket Holders would be detrimental to the Debtor, its estate, and its creditors.  Accordingly, the Debtor respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## RESERVATION OF RIGHTS

18.    Nothing in the Interim Order, the Final Order, or this Motion (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the

26342596.2

Bankruptcy Code or an admission as to the validity of any claim against the Debtor and its estate, (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority, or amount of any claim against the Debtor and its estate, (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor and its estate with respect to any and all claims or causes of action, or (iv) shall be construed as a promise to pay a claim.

## **NOTICE**

19.    The Debtor will provide notice of this motion to:  (a) the United States Trustee for the District of Delaware; (b) the holders of the twenty-five (25) largest unsecured claims against the Debtor (on a consolidated basis); (c) counsel to the prepetition and postpetition lender; (d) the United States Attorney's Office for the District of Delaware; and (e) any party that requests service pursuant to Bankruptcy Rule 2002.  Notice of this motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice is required or necessary.

*[Remainder of page intentionally left blank]*

26342596.2

WHEREFORE, the Debtor respectfully requests entry of the Interim Order and Final Order, substantially in the forms attached hereto as Exhibit A and Exhibit B, granting the relief requested herein and such other relief as is just and proper.

Dated:    April 13, 2020          YOUNG CONAWAY STARGATT & TAYLOR, LLP
          Wilmington, Delaware

                                  */s/ Shane M. Reil*
                                  _____
                                  Michael R. Nestor (No. 3526) (mnestor@ycst.com)
                                  Matthew B. Lunn (No. 4119) (mlunn@ycst.com)
                                  Kenneth J. Enos (No. 4544) (kenos@ycst.com)
                                  Travis G. Buchanan (No. 5595) (tbuchanan@ycst.com)
                                  Shane M. Reil (No. 6195) (sreil@ycst.com)
                                  Matthew P. Milana (No. 6681) (mmilana@ycst.com)
                                  1000 N. King Street
                                  Rodney Square
                                  Wilmington, Delaware 19801
                                  Telephone:  (302) 571-6600
                                  Facsimile:  (302) 571-1253

                                  *Proposed Counsel to the Debtor and Debtor in Possession*

**<u>EXHIBIT A</u>**

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------x
                                            :    Chapter 11
In re                                       :
                                            :    Case No. 20-10940 (LSS)
ALPHA ENTERTAINMENT LLC,                    :
                                            :
          Debtor.¹                          :    Ref. Docket No. __
                                            :
------------------------------------------------------x
```

## INTERIM ORDER AUTHORIZING (I) THE DEBTOR TO HONOR AND REFUND CERTAIN CUSTOMER OBLIGATIONS; AND (II) BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER <u>REQUESTS RELATED THERETO</u>

Upon the motion (the "***Motion***")[2] of the Debtor for the entry of interim and final orders, pursuant to sections 105(a) and 363 of the Bankruptcy Code, authorizing the Debtor to refund the value of any cancelled game tickets to Season Ticket Holders consistent with its policies and practices, as more fully described in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;  and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion and having heard the statements in

---

[1]  The last four digits of the Debtor's federal tax identification number are 7778.  The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

[2]  Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

support of the relief requested therein at a hearing before this Court (the "**_Hearing_**"); and this

Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED**, on an interim basis, as set forth herein.

2.      Upon entry of this Interim Order, the Debtor is authorized, but not directed, in its

sole discretion, to refund the value of any cancelled game tickets to Season Ticket Holders,

consistent with its policies and practices, and without further application to, or order of, the

Court.

3.      The Debtor is authorized, but not directed, to honor and process any and all

checks to customers in respect of the value of the cancelled Season Tickets, and to honor and

process any credit card refunds that were delayed or misdirected in respect of the Season Tickets,

in an aggregate amount not to exceed $3,500,000.

4.      Objections to entry of an order granting the Motion on a final basis must be filed

by _____, 2020 at 4:00 p.m. (ET) and served on: (i) proposed counsel to the

Debtor, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street,

Wilmington, Delaware 19801, Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com), Kenneth J.

Enos, Esq. (kenos@ycst.com), and Shane M. Reil, Esq. (sreil@ycst.com); (ii) the U.S. Trustee,

844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Richard

Schepacarter (richard.schepacarter@usdoj.gov); (iii) counsel to the Debtor's prepetition and

postpetition lender, K&L Gates, LLP, 599 Lexington Avenue, New York, NY 10022, Attn: John

A. Bicks (john.bicks@klgates.com), James A. Wright III (james.wright@klgates.com), and

Aaron S. Rothman (aaron.rothman@klgates.com).; and (iv) counsel to any statutory committee appointed in the Chapter 11 Case.  A final hearing, if required, on the Motion will be held on _____, 2020 at _____.m. (ET).  If no objections are filed to the Motion, this Court may enter a final order without further notice or hearing.

5.      The Debtor, its officers, employees, and agents are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

6.      In accordance with this Interim Order and any other applicable order of this Court, each of the financial institutions at which the Debtor maintains its accounts relating to the payment of the Season Tickets, as described in the Motion, is directed to honor checks presented for payments related to the Season Tickets, whether issued prepetition or postpetition, and all wire transfer requests, fund transfer requests, or credit card refunds made by the Debtor related thereto to the extent that sufficient funds are on deposit in such accounts.

7.      Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Motion or this Interim Order shall be deemed:  (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

8.      Notwithstanding any other provision of this Interim Order, no payment to any individual Season Ticket Holder shall exceed the amounts set forth in 11 U.S.C. § 507(a)(7).

9.      The requirements set forth in Bankruptcy 6003(b) are satisfied.

10.     The requirements of Bankruptcy Rule 6004(a) are hereby waived to avoid immediate and irreparable harm to the Debtor.

11.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

12.     This Court shall retain jurisdiction to interpret, implement and enforce the provisions of this Interim Order.

26342596.2

## **EXHIBIT B**

### **Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------------x
                                          :    Chapter 11
In re                                     :
                                          :    Case No. 20-10940 (LSS)
ALPHA ENTERTAINMENT LLC,                  :
                                          :
            Debtor.¹                      :    Ref. Docket No. __
                                          :
--------------------------------------------------------x
```

### FINAL ORDER AUTHORIZING (I) THE DEBTOR TO HONOR AND REFUND CERTAIN CUSTOMER OBLIGATIONS; AND (II) BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO

Upon the motion (the "*Motion*")² of the Debtor for the entry of interim and final orders,

pursuant to sections 105(a) and 363 of the Bankruptcy Code, authorizing the Debtor to refund the

value of any cancelled game tickets to Season Ticket Holders consistent with its policies and

practices, as more fully described in the Motion; and upon the First Day Declaration; and this

Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and

the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;  and this Court

having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion

were appropriate under the circumstances and no other notice need be provided, except as set

forth herein; and this Court having reviewed the Motion and having heard the statements in

---

¹  The last four digits of the Debtor's federal tax identification number are 7778.  The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

²  Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

26342596.2

support of the relief requested therein at a hearing before this Court (the "*Hearing*"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED**, on a final basis as set forth herein.

2.      Upon entry of this Final Order, the Debtor is authorized, but not directed, in its sole discretion, to refund the value of any cancelled game tickets to Season Ticket Holders, consistent with its policies and practices, and without further application to, or order of, the Court.

3.      The Debtor is authorized, but not directed, to honor and process any and all checks to customers in respect of the value of the cancelled Season Tickets, and to honor and process any credit card refunds that were delayed or misdirected in respect of the Season Tickets, in an aggregate amount not to exceed $3,500,000.

4.      Nothing in this Motion or the Final Order shall impair the ability of the Debtor or any appropriate party in interest to contest any claim of any creditor pursuant to applicable law or otherwise dispute, contest, setoff, or recoup any claim, or assert any rights, claims, or defenses related thereto.

5.      The Debtor, its officers, employees, and agents are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

6.      In accordance with this Final Order and any other applicable order of this Court, each of the financial institutions at which the Debtor maintains its accounts relating to the

26342596.2

payment of the Season Tickets, as described in the Motion, is directed to honor checks presented for payments related to the Season Tickets, whether issued prepetition or postpetition, and all wire transfer requests, fund transfer requests, or credit card refunds made by the Debtor related thereto to the extent that sufficient funds are on deposit in such accounts.

7.      Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

8.      The requirements of Bankruptcy Rule 6004(a) are hereby waived to avoid immediate and irreparable harm to the Debtor.

9.      Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

10.     This Court shall retain jurisdiction to interpret, implement and enforce the provisions of this Final Order.

26342596.2