## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | **Chapter 11** |
|  | : |  |
| **ALPHA ENTERTAINMENT LLC,** | : | **Case No. 20-10940 (LSS)** |
|  | : |  |
| **Debtor.**[1] | : | **Hearing Date:** |
|  | : | **May 13, 2020 at 10:00 a.m. (ET)** |
|  | : |  |
|  | : | **Objection Deadline:** |
|  | : | **May 6, 2020 at 4:00 p.m. (ET)** |

-----------------------------------------------------------x

### DEBTOR'S MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS

The debtor and debtor in possession in the above-captioned case (the "***Debtor***") hereby submits this motion (this "***Motion***") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "***Proposed Order***"), pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), establishing procedures for interim compensation and reimbursement of expenses for retained professionals in the Chapter 11 Case (as defined below). In support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28

---

[1]  The last four digits of the Debtor's federal tax identification number are 7778. The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

U.S.C. § 157(b)(2), and pursuant to Local Rule 9013-1(f), the Debtor consents to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory and legal predicates for the relief requested herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

### A.     General Background

3.     On April 13, 2020 (the "***Petition Date***"), the Debtor commenced this bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Case***"). The Debtor has continued in the possession of its property and the operation of its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has been appointed in the Chapter 11 Case.

4.     Additional factual background relating to the Debtor's business, capital structure, and the commencement of the Chapter 11 Case is set forth in further detail in the *Declaration of Jeffrey N. Pollack in Support of Chapter 11 Petition and First-Day Pleadings* (the "**First Day Declaration**"),[2] which is incorporated herein by reference.

### B.     The Professionals

5.     Contemporaneously herewith, the Debtor filed applications to retain, under section 327(a) of the Bankruptcy Code: (a) Young Conaway Stargatt & Taylor, LLP ("***YCST***"),

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

as bankruptcy counsel and (b) Donlin, Recano & Company, Inc. ("**DRC**"), as administrative agent (together with YCST, the "**Debtor Professionals**"), and may seek to retain other professionals to assist it in the Chapter 11 Case as the need arises. In addition, any statutory committee (a "**Committee**") that may be appointed by the U.S. Trustee in the Chapter 11 Case would likely retain counsel and other professionals in connection with the provision of its statutory duties (the "**Committee Professionals**," and collectively with the Debtor Professionals and any other professionals retained by the Debtor after the Petition Date in connection with the Chapter 11 Case, the "**Professionals**").[3]

## RELIEF REQUESTED

6.      By this Motion, the Debtor requests that the Court enter the Proposed Order, establishing an orderly, regular process for the allowance and payment of compensation and reimbursement for the Professionals. Entry of the Proposed Order would enable the Court, the U.S. Trustee, and all other interested parties in the Chapter 11 Case to effectively monitor the Professionals' fees and expenses incurred in the Chapter 11 Case.

## BASIS FOR RELIEF

7.      Pursuant to section 331 of the Bankruptcy Code, all professionals retained under section 327 of the Bankruptcy Code are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. In addition, section 105(a) of the Bankruptcy Code, which codifies the Court's inherent equitable powers, authorizes the Court to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

---

[3] The Debtor has also retained DRC as claims and noticing agent pursuant to section 156(c) of title 28 of the United States Code and Local Rule 2002-1(f). See Docket No. 33. Because DRC is not being retained under section 327 of the Bankruptcy Code for its claims and noticing agent function, the Debtor does not believe that it is appropriate for the relief requested herein to apply to DRC in its capacity as claims and noticing agent.

8.     Pursuant to sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy

Rule 2016 and Local Rule 2016-2, the Debtor proposes that the monthly and quarterly payment

of compensation and reimbursement of expenses of the Professionals (the "***Compensation***

***Procedures***") be permitted as follows:

a.  No earlier than the 5th day of each month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses shall file an application (a "***Monthly Fee Application***") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "***Compensation Period***") and shall serve a copy of such Monthly Fee Application on each of the following parties (collectively, the "***Notice Parties***") by first class mail:  (i) Alpha Entertainment LLC, 1266 E. Main Street, Stamford, CT 06902 (Attn: Jeffrey N. Pollock); (ii) proposed counsel to the Debtor, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn.: Matthew B. Lunn); (iii) counsel to the Debtor's prepetition lender, K&L Gates, LLP, 599 Lexington Avenue, New York, NY 10022 (Attn.: James A. Bicks); (iv) proposed counsel for any Committee, if appointed; and (v) the U.S. Trustee, 855 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Richard Schepacarter).

b.  All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

c.  Each Notice Party will have 20 days after service of a Monthly Fee Application to object thereto (the "***Objection Deadline***") in accordance with paragraph (d) below.   If no objections are raised prior to the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with the Court, after which the Debtor shall be authorized to pay such Professional an amount equal to 80% of the fees and 100% of the expenses requested in its Monthly Fee Application (the "***Maximum Interim Payment***").  If an objection is properly filed pursuant to subparagraph (d) below, the Debtor shall be authorized to pay the Professional 80% of the fees and 100% of the expenses not subject to an objection (the "***Actual Interim Payment***").

d.  If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on such Professional and each Notice Party a written objection (the "***Objection***") so as to be received on or before the Objection Deadline.  Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection.   Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis.  If the parties are able to reach a resolution of an Objection, upon notice to the Notice

Parties, the Debtor will be authorized to pay the Professional the agreed-upon amount. If the parties are unable to reach a resolution within 20 days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to such Professional (the "*Incremental Amount*"); or (ii) forgo payment of the Incremental Amount until the next Interim Fee Application hearing or final fee application hearing, at which time the Court will consider and rule on the Objection if so requested by the parties.

e.    Beginning with the approximate three-month period from the Petition Date and ending on June 30, 2020, and continuing at the conclusion of each three-month period thereafter while the Chapter 11 Case is pending, each Professional must file with the Court and serve on the Notice Parties a request (an "*Interim Fee Application*"), pursuant to section 331 of the Bankruptcy Code, for interim Court approval and allowance of any outstanding compensation for services rendered and reimbursement of expenses sought in the Monthly Fee Applications filed during such period (the "*Interim Fee Period*"). The Interim Fee Application will include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules. Each Interim Fee Application shall be filed with the Court and served on the Notice Parties by no later than 45 days after the end of the applicable Interim Fee Period (the "*Interim Fee Application Deadline*"). The first Interim Fee Application Deadline shall be August 14, 2020, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including June 30, 2020.

f.    The first Monthly Fee Application submitted by each Professional shall cover the period from the Petition Date through and including April 30, 2020.

g.    The Debtor shall request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtor shall be authorized to pay such Professional promptly all requested fees (including the 20% holdback) and expenses not previously paid.

h.    Any Professional that fails to file a Monthly Fee Application for a particular month may subsequently submit a consolidated Monthly Fee Application for such month or months.

i.    The pendency of an Objection shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses (that is not the subject of an Objection) pursuant to the Compensation Procedures.

j.    Neither (i) the payment of, or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation

Procedures, nor (ii) the filing of, or the failure to file, an Objection to any Monthly Fee Application or Interim Fee Application, will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services rendered and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to potential disgorgement until final allowance by the Court.

9. As described above, the Debtor requests that the Court limit service of the Monthly Fee Applications, Interim Fee Applications and the final fee applications (collectively, the "*Applications*") to the Notice Parties. The Debtor further requests that all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in the Chapter 11 Case be entitled to receive only notices of hearings on the Applications (collectively, the "*Hearing Notices*"). Serving the Applications and the Hearing Notices in the manner proposed herein will permit the parties most active in the Chapter 11 Case to review and object to the Professionals' fees and will save unnecessary duplication and mailing expenses.

10. The Debtor further requests that, in the event a Committee is appointed, each member of such Committee be permitted to submit statements of expenses (excluding separate counsel fees and expenses of individual Committee members) and supporting vouchers to counsel for such Committee, and counsel for such Committee shall collect and file such requests for reimbursement in accordance with the foregoing procedures for monthly and quarterly interim compensation and reimbursement of the Professionals. Approval of the Compensation Procedures, however, will not authorize payment of such expenses to the extent that such authorization is unavailable under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable Third Circuit law or the practices of the Court.

11. The procedures proposed herein will enable the Debtor to closely monitor costs of administration, manage its cash flow and implement efficient cash management procedures. Moreover, the procedures will allow the Court and key parties-in-interest to ensure the

reasonableness and necessity of the compensation and reimbursement sought by the Professionals.

12.     In sum, the Debtor submits that the efficient administration of the Chapter 11 Case will be aided significantly by establishing the foregoing interim compensation and expense reimbursement procedures.  Accordingly, based on the foregoing facts and authorities, the Debtor submits that the relief requested herein should be granted.

## NOTICE

13.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Debtor's prepetition lender; (iii) the holders of the twenty-five (25) largest unsecured claims against the Debtor; and (iv) all parties that, as of the filing of this Application, have requested notice in the Chapter 11 Case pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

## CONCLUSION

WHEREFORE, the Debtor requests entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: April 22, 2020          YOUNG CONAWAY STARGATT & TAYLOR, LLP
       Wilmington, Delaware

*/s/ Shane M. Reil*

Michael R. Nestor (No. 3526) (mnestor@ycst.com)
Matthew B. Lunn (No. 4119) (mlunn@ycst.com)
Kenneth J. Enos (No. 4544) (kenos@ycst.com)
Shane M. Reil (No. 6195) (sreil@ycst.com)
Matthew P. Milana (No. 6681) (mmilana@ycst.com)
1000 N. King Street
Rodney Square
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 576-1253

*Proposed Counsel to the Debtor and Debtor-in-Possession*

26367841.3

10