# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
: 
In re : Chapter 11
:
ALPHA ENTERTAINMENT LLC, : Case No. 20-10940 (LSS)
:
Debtor.[1] : Ref. Docket No. ___
:
---------------------------------------------------------x

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS**

Upon consideration of the motion (the "*Motion*")[2] of the Debtor for the entry of an order establishing procedures for interim compensation and reimbursement of expenses for professionals; and upon consideration of the Motion and all pleadings related thereto; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and having determined that the relief requested in the Motion and provided for herein is in the best interests of the Debtor, its estate, and creditors; and after due deliberation and sufficient cause appearing therefor,

---

[1] The last four digits of the Debtor's federal tax identification number are 7778. The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Except as may otherwise be provided in orders authorizing the retention of specific Professionals, all Professionals in the Chapter 11 Case may seek monthly compensation in accordance with the following procedures:

   a. No earlier than the 5th day of each month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses shall file an application (a "***Monthly Fee Application***") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "***Compensation Period***") and shall serve a copy of such Monthly Fee Application on each of the following parties (collectively, the "***Notice Parties***") by first class mail: (i) Alpha Entertainment LLC, 1266 E. Main Street, Stamford, CT 06902 (Attn: Jeffrey N. Pollock); (ii) proposed counsel to the Debtor, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn.: Matthew B. Lunn); (iii) counsel to the Debtor's prepetition lender, K&L Gates, LLP, 599 Lexington Avenue, New York, NY 10022 (Attn.: James A. Bicks); (iv) proposed counsel for any Committee, if appointed; and (v) the U.S. Trustee, 855 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Richard Schepacarter).

   b. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

   c. Each Notice Party will have 20 days after service of a Monthly Fee Application to object thereto (the "***Objection Deadline***") in accordance with paragraph (d) below. If no objections are raised prior to the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with the Court, after which the Debtor shall be authorized to pay such Professional an amount equal to 80% of the fees and 100% of the expenses requested in its Monthly Fee Application (the "***Maximum Interim Payment***"). If an objection is properly filed pursuant to subparagraph (d) below, the Debtor shall be authorized to pay the Professional 80% of the fees and 100% of the expenses not subject to an objection (the "***Actual Interim Payment***").

   d. If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on such Professional and each Notice Party a written objection (the "***Objection***") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may

attempt to resolve the Objection on a consensual basis. If the parties are able to reach a resolution of an Objection, upon notice to the Notice Parties, the Debtor will be authorized to pay the Professional the agreed-upon amount. If the parties are unable to reach a resolution within 20 days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to such Professional (the "***Incremental Amount***"); or (ii) forgo payment of the Incremental Amount until the next Interim Fee Application hearing or final fee application hearing, at which time the Court will consider and rule on the Objection if so requested by the parties.

e. Beginning with the approximate three-month period from the Petition Date and ending on June 30, 2020, and continuing at the conclusion of each three-month period thereafter while the Chapter 11 Case is pending, each Professional must file with the Court and serve on the Notice Parties a request (an "***Interim Fee Application***"), pursuant to section 331 of the Bankruptcy Code, for interim Court approval and allowance of any outstanding compensation for services rendered and reimbursement of expenses sought in the Monthly Fee Applications filed during such period (the "***Interim Fee Period***"). The Interim Fee Application will include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules. Each Interim Fee Application shall be filed with the Court and served on the Notice Parties by no later than 45 days after the end of the applicable Interim Fee Period (the "***Interim Fee Application Deadline***"). The first Interim Fee Application Deadline shall be August 14, 2020, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including June 30, 2020.

f. The first Monthly Fee Application submitted by each Professional shall cover the period from the Petition Date through and including April 30, 2020.

g. The Debtor shall request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtor shall be authorized to pay such Professional promptly all requested fees (including the 20% holdback) and expenses not previously paid.

h. Any Professional that fails to file a Monthly Fee Application for a particular month may subsequently submit a consolidated Monthly Fee Application for such month or months.

i. The pendency of an Objection shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses (that is not the subject of an Objection) pursuant to the Compensation Procedures.

j.  Neither (i) the payment of, or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of, or the failure to file, an Objection to any Monthly Fee Application or Interim Fee Application, will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services rendered and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to potential disgorgement until final allowance by the Court.

3. Service of the Monthly Fee Applications, Interim Fee Applications, final fee applications and Hearing Notices in the Chapter 11 Case in the following manner is hereby authorized and approved: (i) the Notice Parties shall be entitled to receive the Monthly Fee Applications, Interim Fee Applications, final fee applications, and Hearing Notices; and (ii) all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in the Chapter 11 Case shall be entitled to receive only the Hearing Notices. Notice of the Monthly Fee Applications, Interim Fee Applications, final fee applications and Hearing Notices in the Chapter 11 Case given in accordance with this paragraph is deemed sufficient and adequate notice thereof and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

4. Each member of the Committee (from and after the date of appointment) is permitted to submit statements of expenses (excluding fees and expenses of Committee member's counsel), and seek reimbursement of those expenses in accordance with the procedures set forth herein for monthly and interim compensation.

5. In each Interim Fee Application and final fee application, all attorneys who have been or are hereafter retained pursuant to sections 327, 363, or 1103 of the Bankruptcy Code, unless such attorney is an ordinary course professional, shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and

applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

6. The Debtor shall include all payments to Professionals and the members of the Committee on its monthly operating reports, detailed so as to state the amount paid to each of the Professionals and Committee members.

7. Nothing in this Order shall alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code.

8. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.