IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x
In re                                                      :    Chapter 11
                                                           :
                                                           :    Case No. 20-10940 (LSS)
ALPHA ENTERTAINMENT LLC,                                   :
                                                           :    **Hearing Date:**
    Debtor.[1]                                             :    May 13, 2020 at 10:00 a.m. (ET)
                                                           :
                                                           :    **Objection Deadline:**
                                                           :    May 6, 2020 at 4:00 p.m. (ET)
-----------------------------------------------------------x

**DEBTOR'S MOTION FOR AN ORDER ESTABLISHING PROCEDURES
FOR SALES OF CERTAIN MISCELLANEOUS ASSETS OUTSIDE
THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF
ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES
PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE**

The debtor and debtor in possession in the above-captioned case (the "***Debtor***") hereby submits this motion (this "***Motion***") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "***Proposed Order***"), pursuant to sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "***Bankruptcy Code***"), establishing procedures for the sale of certain of the Debtor's Miscellaneous Assets (as defined below) outside the ordinary course of business, free and clear of all liens, claims, interests and encumbrances. In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "***Amended Standing Order***"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Local Rule 9013-1(f), the Debtor

---

[1] The last four digits of the Debtor's federal tax identification number are 7778. The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

26370798.1

consents to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are sections 105 and 363 of the Bankruptcy Code.

## BACKGROUND

**A.    General Background**

3. On April 13, 2020 (the "***Petition Date***"), the Debtor commenced this bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Case***"). The Debtor has continued in the possession of its property and the operation of its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has been appointed in the Chapter 11 Case.

4. Additional factual background relating to the Debtor's business, capital structure, and the commencement of the Chapter 11 Case is set forth in further detail in the *Declaration of Jeffrey N. Pollack in Support of Chapter 11 Petition and First-Day Pleadings* (the "***First Day Declaration***").[2]

**B.    Miscellaneous Assets**

5. In the ordinary course of its business operations, the Debtor has accumulated and is currently in possession of certain assets, including, but not limited to, equipment, furniture, supplies, fixtures, and other miscellaneous personal property (collectively, the "***Miscellaneous***

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

26370798.1

*Assets*").³  In the exercise of its sound business judgment, the Debtor has determined that the prompt sale of the Miscellaneous Assets, without the need for further notice, motions, hearings and subsequent Court approval, subject to certain procedures set forth herein, is in the best interest of the Debtor and its stakeholders, and will enable the Debtor to maximize the value of the Miscellaneous Assets.  The Debtor desires to sell the Miscellaneous Assets in order to, among other things, eliminate costs associated with maintaining unnecessary assets, and to preserve and maximize the value of its estate.

6. The Miscellaneous Assets have a relatively modest value in relation to the Debtor's overall operation.  The Debtor believes that the asset sale procedures set forth below will conserve the resources of both the Court and the Debtor by avoiding the need for numerous motions to approve relatively modest sales.  The Debtor submits that the entry of an order authorizing the sale of the Miscellaneous Assets without further notice or hearing, other than as set forth below, is warranted under these circumstances and in furtherance of the Debtor's effort to maximize value through the sale of its assets and minimize the accrual of administrative expenses.

C. **Miscellaneous Asset Sale Procedures**

7. In connection with the sale of the Miscellaneous Assets, the Debtor seeks authorization to sell such Miscellaneous Assets (each, a "***Proposed Miscellaneous Asset Sale***") pursuant to the following procedures (collectively, the "***Miscellaneous Asset Sale Procedures***"):⁴

   a) If the sale consideration from a purchaser of the Miscellaneous Assets does not exceed $5,000, on a per-transaction basis, and if the sale is not to an insider (as defined in section 101(31) of the Bankruptcy Code), the Debtor may sell the assets upon providing written notice, via electronic mail or facsimile, to (i) the Office of the United States Trustee for the District of Delaware, (ii) counsel to any official committee appointed in the Chapter 11 Case, (iii) counsel to the Debtor's

---

³ For sake of clarity, the Miscellaneous Assets do not include unexpired non-residential real property leases.

⁴ Nothing in this Motion, the Proposed Order or the Miscellaneous Asset Sale Procedures shall prohibit the Debtor from filing one or more motions to approve a sale of assets.

26370798.1

prepetition lender, and (iv) all known parties holding or asserting liens, claims, encumbrances or other interests in the assets being sold and their respective counsel, if known (collectively, the "***Notice Parties***"), which shall have three (3) business days (unless extended by agreement of the Debtor) from the date of such notice to inform the Debtor in writing that they object to the proposed sale described in this subparagraph; <u>provided</u>, <u>however</u>, that to the extent the aggregate sale consideration for any series of related transactions to a single buyer or group of related buyers, which, on a per-transaction basis, do not exceed $5,000, exceeds $15,000, the procedures in subparagraph (b) below shall apply. Such notice will include a description of the Miscellaneous Assets that are the subject and the economic terms of such proposed sale. If no written objection is received from the Notice Parties, the Debtor may consummate the Proposed Miscellaneous Asset Sale, without further notice to any other party and without the need for a hearing, upon entry of an order of the Court submitted under certification of counsel in accordance with these procedures, and upon entry of such order, such Proposed Miscellaneous Asset Sale will be deemed fully authorized by the Court. If a timely written objection is received from the Notice Parties, the Debtor shall comply with the procedures set forth in subparagraph (e) below.

b)  If the sale consideration from a purchaser for the Miscellaneous Assets, on a per-transaction basis, exceeds $5,000 but is less than $15,000,[5] or if the sale is to an insider (as defined in section 101(31) of the Bankruptcy Code) in an amount less than $15,000, the Debtor will file with the Court a notice, substantially in the form attached as <u>Exhibit 1</u> to the Proposed Order, of such Proposed Miscellaneous Asset Sale (a "***Miscellaneous Asset Sale Notice***") and serve such Miscellaneous Asset Sale Notice by email, if available, and overnight delivery on the Notice Parties and those parties, as of the date of such notice, who have filed in the Chapter 11 Case a notice of appearance and request for service of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "***Rule 2002 Parties***").

c)  The Miscellaneous Asset Sale Notice, to the extent that the Debtor has such information, will include: (i) a description of the Miscellaneous Assets that are the subject of the Proposed Miscellaneous Asset Sale; (ii) the location of the Miscellaneous Assets; (iii) the economic terms of sale; (iv) the identity of any non-Debtor party to the Proposed Miscellaneous Asset Sale and specify whether that party is an "affiliate" or "insider" as those terms are defined under section 101 of the Bankruptcy Code; and (v) the identity of the party, if any, holding liens, claims, encumbrances or other interests in the Miscellaneous Assets.

d)  The Notice Parties and the Rule 2002 Parties shall have seven (7) business days (unless extended by agreement of the Debtor) after the Miscellaneous Asset Sale

---

[5] Miscellaneous Asset sales where the sale consideration from a purchaser of Miscellaneous Assets, on a per-transaction basis, equals or exceeds $15,000 are not covered by this Motion. Approval of such sales will be sought by separate motion after notice and a hearing. Alternatively, the Debtor reserves the right to seek, by separate motion, modification of any order authorizing the procedures described herein to increase the amounts authorized or to otherwise modify the authorized procedures.

26370798.1

    Notice is filed and served to advise counsel to the Debtor in writing with specific and particular bases that they object to the Proposed Miscellaneous Asset Sale described in such Miscellaneous Asset Sale Notice (as used in these Miscellaneous Asset Sale Procedures, the "**Objection Deadline**"). If no written objection is received by the Objection Deadline, the Debtor may consummate the Proposed Miscellaneous Asset Sale, without further notice to any other party and without the need for a hearing, upon entry of an order of the Court submitted under certification of counsel in accordance with these procedures, and upon entry of such order, such Proposed Miscellaneous Asset Sale will be deemed fully authorized by the Court.

 e) If a written objection to a Proposed Miscellaneous Asset Sale is timely received by the Objection Deadline, the Debtor will not proceed with the Proposed Miscellaneous Asset Sale unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the Proposed Miscellaneous Asset Sale at the next regularly scheduled omnibus hearing in the Chapter 11 Case that is at least five (5) business days after receipt by the Debtor of the objection, or at the next omnibus hearing in the Chapter 11 Case that is agreed to by the objecting party and the Debtor.

 f) All buyers will acquire the Miscellaneous Assets sold by the Debtor pursuant to the Miscellaneous Asset Sale Procedures on an "AS IS-WHERE IS" basis without any representations or warranties from the Debtor as to the quality or fitness of such assets for either their intended or any other purposes; <u>provided</u>, <u>however</u>, that buyers will take title to the Miscellaneous Assets free and clear of all liens, claims, encumbrances and other interests pursuant to section 363(f) of the Bankruptcy Code, with all such liens, claims, encumbrances and other interests, if any, to attach to the proceeds of the sale of the Miscellaneous Assets, with the same validity, force, and effect which they had against such Miscellaneous Assets prior to the sale.

 g) Good faith purchasers of the Miscellaneous Assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

 h) The absence of a timely objection to the sale of the Miscellaneous Assets in accordance with the Miscellaneous Asset Sale Procedures shall be "consent" to such sale within the meaning of section 363(f)(2) of the Bankruptcy Code.

## RELIEF REQUESTED

8. By this Motion, the Debtor requests the Court to enter the Proposed Order, approving the Miscellaneous Asset Sale Procedures.

## BASIS FOR RELIEF

**A. The Sales of the Miscellaneous Assets Represent a Sound Exercise of the Debtor's Business Judgment**

26370798.1

7

9. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets prior to confirmation of a plan. However, courts in this Circuit and others have required that the decision to sell assets outside the ordinary course of business be based upon the sound business judgment of the debtor. *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp., (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D.D.C. 1991).

10. The "sound business judgment" test requires a debtor to establish four elements in order to justify the sale or lease of property outside the ordinary course of business, namely, (a) that a "sound business purpose" justifies the sale of assets outside the ordinary course of business, (b) that adequate and reasonable notice has been provided to interested persons, (c) that the debtors have obtained a fair and reasonable price, and (d) good faith. *Abbotts Dairies*, 788 F.2d 143; *Titusville Country Club v. Pennbank (In re Titusville Country Club)*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); *In re Sovereign Estates, Ltd.,* 104 B.R. 702, 704 (Bankr. E.D. Pa. 1989). A debtor's showing of a sound business purpose need not be unduly exhaustive; rather, a debtor is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a transaction depends upon the facts and circumstances of each case.

26370798.1

*Lionel*, 722 F.2d at 1071; *Montgomery Ward*, 242 B.R. at 155 (approving funding of employee incentive and severance program; business purpose requirement fulfilled because stabilizing turnover rate and increasing morale were necessary to successful reorganization).

11. Additionally, section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers in the administration of a case under the Bankruptcy Code. Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Provided that a bankruptcy court does not employ its equitable powers to achieve a result not contemplated by the Bankruptcy Code, the exercise of its section 105(a) power is proper. *In re Fesco Plastics Corp.*, 996 F.2d 152, 154 (7th Cir. 1993); *Pincus v. Graduate Loan Ctr. (In re Pincus)*, 280 B.R. 303, 312 (Bankr. S.D.N.Y. 2002). Pursuant to section 105(a), a court may fashion an order or decree that helps preserve or protect the value of a debtor's assets. *See, e.g., Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *In re Cooper Props. Liquidating Trust, Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) (noting that the bankruptcy court is "one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

12. There is more than ample business justification for the approval of the Miscellaneous Asset Sale Procedures and the sales of the Miscellaneous Assets in accordance therewith. The Debtor submits that the sales of the Miscellaneous Assets will inure to the benefit of the Debtor's estate and creditors, as they will further the Debtor's efforts to maximize value and

26370798.1

minimize administrative expenses and, therefore, represent a sound exercise of the Debtor's business judgment.

13. The Debtor's proposed sales of the Miscellaneous Assets are in "good faith" within the meaning of the *Abbotts Dairies* analysis. The Debtor represents that no insider will gain an unfair advantage from the sales pursuant to the Miscellaneous Asset Sale Procedures. Moreover, as set forth above, the Debtor will provide the Notice Parties and the Rule 2002 Parties, as applicable, with a reasonable opportunity to review, among other things, the adequacy of the price to be received for any sale of Miscellaneous Assets in accordance with the Miscellaneous Asset Sale Procedures.

14. Bankruptcy Rule 2002(a)(2) generally requires a minimum of twenty-one (21) days' notice of proposed sales of estate property outside the ordinary course of business to be provided by mail to parties in interest "unless the court for cause shown shortens the time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a)(2).

15. The Bankruptcy Code defines the notice and hearing requirement to mean such notice and opportunity for hearing "as is appropriate in the particular circumstances" of the case, including court approval of a sale of estate property without a hearing where appropriate notice is given and no party timely requests a hearing. 11 U.S.C. § 102(1). Similarly, the court in *In re Lomas Fin. Corp.* held that notice is appropriate under section 102(1) of the Bankruptcy Code where it is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 212 B.R. 46, 54 (Bankr. D. Del. 1997) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

16. The notice and objection procedures contained in the Miscellaneous Asset Sale Procedures are reasonable and justified under the circumstances of the Chapter 11 Case. The Miscellaneous Asset Sale Procedures are designed to maximize the value realized from the sales of the Miscellaneous Assets. Additionally, the manner of notice proposed in the Miscellaneous Asset Sale Procedures is more than appropriate and preserves parties' due process rights. The Debtor will serve notice of each Proposed Miscellaneous Asset Sale on the Notice Parties and the Rule 2002 Parties, as applicable, as provided for in the Miscellaneous Asset Sale Procedures. As such, all of the key constituencies in the Chapter 11 Case and any party whose rights may be affected by a proposed sale will receive adequate notice under the particular circumstances of the Proposed Miscellaneous Asset Sale.

17. Because the sales of the Miscellaneous Assets are expected to be of a relatively *de minimis* value, the usual process of obtaining Court approval of each individual sale would impose unnecessary administrative burdens on the Court, would be prohibitively expensive to the Debtor's estate, and in some instances may hinder the Debtor's ability to take advantage of sale opportunities that are available only for a limited time. Finally, as noted above, the "notice and a hearing" requirement contained in section 363(b)(1) of the Bankruptcy Code is satisfied absent a hearing where there is an opportunity for a hearing and no party in interest timely requests a hearing. 11 U.S.C. § 102(1).

**B.    The Sales of the Miscellaneous Assets Should Be Approved Under Section 363(f) of the Bankruptcy Code**

18. Pursuant to section 363(f) of the Bankruptcy Code, a debtor in possession may sell all or any part of its property free and clear of any and all liens, claims or interests in such property if (i) such a sale is permitted under applicable non-bankruptcy law, (ii) the party asserting such a lien, claim or interest consents to such sale, (iii) the interest is a lien and the purchase price for the

26370798.1

property is greater than the aggregate amount of all liens on the property, (iv) the interest is the subject of a *bona fide* dispute, or (v) the party asserting the lien, claim or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. 11 U.S.C. § 363(f); *see In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988) (section 363(f) written in disjunctive; court may approve sale "free and clear" provided at least one of the subsections is met).

19. The Debtor anticipates that its prepetition lender will consent to the sales of the Miscellaneous Assets pursuant to the Miscellaneous Asset Sale Procedures. Accordingly, the requirements of section 363(f) of the Bankruptcy Code would be met, and the proposed dispositions of the Miscellaneous Assets should be approved "free and clear" of any such liens, claims or interests, with any such liens to attach to the proceeds of the sale. Further, the Notice Parties include all known parties holding or asserting liens, claims, encumbrances or other interests in the assets being sold and their respective counsel, if known, and the Miscellaneous Asset Sale Procedures provide that the absence of a timely objection to the sale of the Miscellaneous Assets in accordance therewith shall be "consent" to such sale within the meaning of section 363(f)(2) of the Bankruptcy Code.

C.  **Bankruptcy Rule 6004(h) Should Be Waived**

20. Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") provides that an order authorizing the use, sale, or lease of property is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise. The Debtor, however, requests that the Proposed Order, and any sale consummated pursuant to those procedures, be effective immediately. It is in the best interests of the Debtor's estate to facilitate the closing of these sale transactions, thereby expediting the receipt of related sale proceeds into

the estate. Moreover, the often-difficult task of securing a buyer will be facilitated by the Debtor's ability to quickly consummate a sale transaction. Accordingly, the Debtor submits that the fourteen-day stay set forth in Bankruptcy Rule 6004(h) should be waived with respect to the Proposed Order and in connection with all sales of Miscellaneous Assets pursuant to the Miscellaneous Asset Sale Procedures.

21.     For all of the reasons set forth above, the Debtor respectfully requests that the Court authorize and approve the relief requested herein as an exercise of the Debtor's sound business judgment.

### **NOTICE**

22.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Debtor's prepetition lender; (iii) the holders of the twenty-five (25) largest unsecured claims against the Debtor; and (iv) all parties that, as of the filing of this Application, have requested notice in the Chapter 11 Case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

[*Remainder of page intentionally left blank*]

26370798.1

**CONCLUSION**

WHEREFORE, the Debtor requests entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: April 22, 2020
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Shane M. Reil*
Michael R. Nestor (No. 3526) (mnestor@ycst.com)
Matthew B. Lunn (No. 4119) (mlunn@ycst.com)
Kenneth J. Enos (No. 4544) (kenos@ycst.com)
Shane M. Reil (No. 6195) (sreil@ycst.com)
Matthew P. Milana (No. 6681) (mmilana@ycst.com)
1000 N. King Street
Rodney Square
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 576-1253

*Proposed Counsel to the Debtor and Debtor-in-Possession*

26370798.1