# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
:
In re                                    :    Chapter 11
:
ALPHA ENTERTAINMENT LLC,                 :    Case No. 20-10940 (LSS)
:
Debtor.[1]                               :    Ref. Docket No. ___
:
---------------------------------------------------------x

### ORDER ESTABLISHING PROCEDURES FOR SALES OF CERTAIN MISCELLANEOUS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE

Upon consideration of the motion (the "***Motion***")[2] of the Debtor for the entry of an order, pursuant to sections 105 and 363 of the Bankruptcy Code, establishing procedures for the sale of the Miscellaneous Assets outside the ordinary course of business, free and clear of all liens, claims, interests and encumbrances; and upon consideration of the Motion and all pleadings related thereto; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtor, its estate, and its creditors and an appropriate exercise of the Debtor's

---

[1] The last four digits of the Debtor's federal tax identification number are 7778. The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

26370798.1

business judgment; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Debtor is authorized to sell the Miscellaneous Assets (each, a "***Proposed Miscellaneous Asset Sale***") in accordance with the following procedures (collectively, the "***Miscellaneous Asset Sale Procedures***"):

    a) If the sale consideration from a purchaser of the Miscellaneous Assets does not exceed $5,000, on a per-transaction basis, and if the sale is not to an insider (as defined in section 101(31) of the Bankruptcy Code), the Debtor may sell the assets upon providing written notice, via electronic mail or facsimile, to (i) the Office of the United States Trustee for the District of Delaware, (ii) counsel to any official committee appointed in the Chapter 11 Case, (iii) counsel to the Debtor's prepetition lender, and (iv) all known parties holding or asserting liens, claims, encumbrances or other interests in the assets being sold and their respective counsel, if known (collectively, the "***Notice Parties***"), which shall have three (3) business days (unless extended by agreement of the Debtor) from the date of such notice to inform the Debtor in writing that they object to the proposed sale described in this subparagraph; provided, however, that to the extent the aggregate sale consideration for any series of related transactions to a single buyer or group of related buyers, which, on a per-transaction basis, do not exceed $5,000, exceeds $15,000, the procedures in subparagraph (b) below shall apply. Such notice will include a description of the Miscellaneous Assets that are the subject and the economic terms of such proposed sale. If no written objection is received from the Notice Parties, the Debtor may consummate the Proposed Miscellaneous Asset Sale, without further notice to any other party and without the need for a hearing, upon entry of an order of this Court submitted under certification of counsel in accordance with these procedures, and upon entry of such order, such Proposed Miscellaneous Asset Sale will be deemed fully authorized by this Court. If a timely written objection is received from the Notice Parties, the Debtor shall comply with the procedures set forth in subparagraph (e) below.

    b) If the sale consideration from a purchaser for the Miscellaneous Assets, on a per-transaction basis, exceeds $5,000 but is less than $15,000, or if the sale is to an insider (as defined in section 101(31) of the Bankruptcy Code) in an amount less than $15,000, the Debtor will file with this Court a notice, substantially in the form attached hereto as <u>Exhibit 1</u>, of such Proposed Miscellaneous Asset Sale (a "***Miscellaneous Asset Sale Notice***") and serve such Miscellaneous Asset Sale Notice by email, if available, and overnight delivery on the Notice Parties and those parties, as of the date of such notice, who have filed in the Chapter 11 Case a notice of appearance and request for service of papers pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "***Rule 2002 Parties***").

c)     The Miscellaneous Asset Sale Notice, to the extent that the Debtor has such information, shall include: (i) a description of the Miscellaneous Assets that are the subject of the Proposed Miscellaneous Asset Sale; (ii) the location of the Miscellaneous Assets; (iii) the economic terms of sale; (iv) the identity of any non-Debtor party to the Proposed Miscellaneous Asset Sale and specify whether that party is an "affiliate" or "insider" as those terms are defined under section 101 of the Bankruptcy Code; and (v) the identity of the party, if any, holding liens, claims, encumbrances or other interests in the Miscellaneous Assets.

d)     The Notice Parties and the Rule 2002 Parties shall have seven (7) business days (unless extended by agreement of the Debtor) after the Miscellaneous Asset Sale Notice is filed and served to advise counsel to the Debtor in writing with specific and particular bases that they object to the Proposed Miscellaneous Asset Sale described in such Miscellaneous Asset Sale Notice (as used in these Miscellaneous Asset Sale Procedures, the "**Objection Deadline**"). If no written objection is received by the Objection Deadline, the Debtor may consummate the Proposed Miscellaneous Asset Sale, without further notice to any other party and without the need for a hearing, upon entry of an order of this Court submitted under certification of counsel in accordance with these procedures, and upon entry of such order, such Proposed Miscellaneous Asset Sale will be deemed fully authorized by this Court.

e)     If a written objection to a Proposed Miscellaneous Asset Sale is timely received by the Objection Deadline, the Debtor shall not proceed with the Proposed Miscellaneous Asset Sale unless: (i) the objection is withdrawn or otherwise resolved; or (ii) this Court approves the Proposed Miscellaneous Asset Sale at the next regularly scheduled omnibus hearing in the Chapter 11 Case that is at least five (5) business days after receipt by the Debtor of the objection, or at the next omnibus hearing in the Chapter 11 Case that is agreed to by the objecting party and the Debtor.

f)     All buyers will acquire the Miscellaneous Assets sold by the Debtor pursuant to the Miscellaneous Asset Sale Procedures on an "AS IS-WHERE IS" basis without any representations or warranties from the Debtor as to the quality or fitness of such assets for either their intended or any other purposes; <u>provided</u>, <u>however</u>, that buyers will take title to the Miscellaneous Assets free and clear of all liens, claims, encumbrances and other interests pursuant to section 363(f) of the Bankruptcy Code, with all such liens, claims, encumbrances and other interests, if any, to attach to the proceeds of the sale of the Miscellaneous Assets, with the same validity, force, and effect which they had against such Miscellaneous Assets prior to the sale.

g)     Good faith purchasers of the Miscellaneous Assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

h)     The absence of a timely objection to the sale of the Miscellaneous Assets in accordance with the Miscellaneous Asset Sale Procedures shall be "consent" to such sale within the meaning of section 363(f)(2) of the Bankruptcy Code.

3. Notice of any sale of the Miscellaneous Assets in accordance with the Miscellaneous Asset Sale Procedures shall be sufficient notice of the sale of such assets.

4. The form of Miscellaneous Asset Sale Notice attached hereto as <u>Exhibit 1</u> is hereby approved.

5. Nothing in the Motion or this Order shall prohibit the Debtor from filing one or more motions to approve a sale of assets.

6. The provision in Bankruptcy Rule 6004(h) staying an order authorizing the use, sale, or lease of property until the expiration of fourteen (14) days after entry of the order is hereby waived with respect to this Order and in respect of the sale of any Miscellaneous Assets made in accordance with this Order.

7. The Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

26370798.1

# **EXHIBIT 1**

**Proposed Form of Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
:
In re                                                         :    Chapter 11
                                                              :
**ALPHA ENTERTAINMENT LLC,**                 :    Case No. 20-10940 (LSS)
                                                              :
Debtor.[1]                                              :    Ref. Docket No. ___
                                                              :
---------------------------------------------------------x

## NOTICE OF PROPOSED MISCELLANEOUS ASSET SALE

**PLEASE TAKE FURTHER NOTICE** that on May [__], 2020, the United States Bankruptcy Court for the District of Delaware (the "***Court***") entered that certain *Order Establishing Procedures for Sales of Certain Miscellaneous Assets Outside the Ordinary Course of Business Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant To Section 363 of the Bankruptcy Code* [Docket No. ___] the ("***Miscellaneous Asset Sale Procedures Order***"),[2] whereby the Court authorized the above-captioned debtor and debtor in possession (the "***Debtor***") to sell certain Miscellaneous Assets in accordance with procedures provided for therein.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Miscellaneous Asset Sale Procedures Order, the Debtor proposes to sell (the "***Proposed Miscellaneous Asset Sale***") the Miscellaneous Assets as set forth on Exhibit A attached hereto. In accordance with the Miscellaneous Asset Sale Procedures Order, Exhibit A attached hereto provides, to the extent available: (i) a description of the Miscellaneous Assets that are the subject of the Proposed Miscellaneous Asset Sale; (ii) the location of the Miscellaneous Assets; (iii) the economic terms of sale; (iv) the identity of any non-Debtor party to the Proposed Miscellaneous Asset Sale and specifies whether that party is an "affiliate" or "insider" as those terms are defined under section 101 of the Bankruptcy Code; and (v) the identity of any party, known to hold or assert liens, claims, encumbrances or other interests in the Miscellaneous Assets.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Miscellaneous Asset Sale Procedures Order, parties shall have until **[__], 2020 at 4:00 p.m. (Eastern Time)** (the "***Objection Deadline***") to advise the undersigned counsel to the Debtor in writing of any specific and particular bases upon which they object to the Proposed Miscellaneous Asset Sale.

**PLEASE TAKE FURTHER NOTICE THAT IF NO WRITTEN OBJECTION IS RECEIVED BY THE OBJECTION DEADLINE, THE ABSENCE OF A TIMELY OBJECTION TO THE PROPOSED MISCELLANEOUS ASSET SALE SHALL BE "CONSENT" TO SUCH SALE WITHIN THE MEANING OF SECTION 363(F)(2) OF**

---

[1] The last four digits of the Debtor's federal tax identification number are 7778. The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Miscellaneous Asset Sale Procedures Order.

**THE BANKRUPTCY CODE, AND THE DEBTOR MAY CONSUMMATE THE PROPOSED MISCELLANEOUS ASSET SALE, WITHOUT FURTHER NOTICE TO ANY OTHER PARTY AND WITHOUT THE NEED FOR A HEARING, UPON ENTRY OF AN ORDER OF THE COURT SUBMITTED UNDER CERTIFICATION OF COUNSEL IN ACCORDANCE WITH THE MISCELLANEOUS ASSET SALE PROCEDURES ORDER, AND UPON ENTRY OF SUCH ORDER, THE PROPOSED MISCELLANEOUS ASSET SALE WILL BE DEEMED FULLY AUTHORIZED BY THE COURT.**

**PLEASE TAKE FURTHER NOTICE** that if a written objection to the Proposed Miscellaneous Asset Sale is timely received by the Objection Deadline, the Debtor will not proceed with the Proposed Miscellaneous Asset Sale unless: (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the Proposed Miscellaneous Asset Sale at the next regularly scheduled omnibus hearing in the Chapter 11 Case that is at least five (5) business days after receipt by the Debtor of the objection, or at the next omnibus hearing in the Chapter 11 Case that is agreed to by the objecting party and the Debtor.

Dated: [__], 2020
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/*
Michael R. Nestor (No. 3526) (mnestor@ycst.com)
Matthew B. Lunn (No. 4119) (mlunn@ycst.com)
Kenneth J. Enos (No. 4544) (kenos@ycst.com)
Shane M. Reil (No. 6195) (sreil@ycst.com)
Matthew P. Milana (No. 6681) (mmilana@ycst.com)
1000 N. King Street
Rodney Square
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 576-1253

*Proposed Counsel to the Debtor and Debtor-in-Possession*

26370798.1

2