## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALPHA ENTERTAINMENT LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-10940 (LSS)<br><br>Re. Doc. No. 20 |

### RESPONSE AND OBJECTION OF YINZCAM, INC. TO DEBTOR'S NINTH OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO REJECT CERTAIN EXECUTORY CONTRACTS EFFECTIVE AS OF THE PETITION DATE

Respondent YinzCam, Inc., a creditor herein, by its undersigned counsel, hereby files this Response and Objection (this "Response") to the Debtor's Ninth Omnibus Motion for Entry of an Order Authorizing Debtor to Reject Certain Executory Contracts Effective as of the Petition Date (the "Ninth Omnibus Motion to Reject") (Doc. No. 20). As set forth at greater length herein, and without waiving any other rights or claims, YinzCam objects to the Ninth Omnibus Motion to Reject as it relates to the Debtor's Services Agreement with YinzCam, and alternatively asks that to the extent the Court authorizes the requested rejection, it condition the rejection with safeguards to protect, surrender and return to YinzCam its intellectual property. In support of this Response, YinzCam states as follows.

### BACKGROUND AND SERVICES AGREEMENT

1.      YinzCam is the nation's premier developer of mobile applications licensed to and used by professional and amateur sports teams and leagues, and their fans, to deliver sophisticated information, features and functionality to the fans' mobile, hand-held and stationary display devices through customized Team Applications uniquely tailored to each team or league. Among its team partners, YinzCam provides such Teams Apps to many professional and college football

teams, professional basketball teams, professional hockey teams and other teams and leagues in the United States and abroad.

2.      Pursuant to a written Services Agreement dated January 3, 2020, Alpha Entertainment, LLC, doing business as the XFL, contracted with YinzCam to build, deliver, operate and license the XFL to use a proprietary wireless application that delivers mobile products and services, including the interactive display of certain content and related event information via mobile and stationary display devices (the "Wireless Application"), together with certain ancillary services to support the operation and use thereof. The Services Agreement further provides that the Wireless Application would encompass and employ proprietary technology owned exclusively by YinzCam, including source code, programs, know-how, mechanisms, methodologies, expertise and techniques, (collectively, the "Technology"). The Services Agreement further provides that YinzCam would retain all ownership rights in and to the Technology, the YinzCam trademark, and other proprietary intellectual and property rights, and that YinzCam would grant a license to the XFL, pursuant to the payment terms in the Services Agreement, to market, distribute, execute, display, reproduce, and use the Wireless Application and Technology (the "License").

3.      The Services Agreement further provides an initial term of three years from the Effective Date, which would automatically renew at each subsequent anniversary of the agreement unless terminated, prior to expiration, in accordance with the agreement.

4.      The Services Agreement further provides that upon termination or expiration, *inter alia*, (i) YinzCam would cease all Services under the agreement, and (ii) the XFL would immediately discontinue any use of the name, logotype, trademarks, trade names, service marks, service names or slogans and other marks of YinzCam, would immediately discontinue all statements from which it might be inferred that any relationship exists with YinzCam, that it would

shall return or destroy all Confidential Information (as defined therein) of YinzCam, in any medium, in its possession, and so certify to the reasonable satisfaction of YinzCam.

5.      Further, pursuant to the Services Agreement and an accompanying Statement of Work ("SOW"), XFL agreed and became obligated to pay YinzCam $175,000 for the installation, development and integration costs of the Core Platform comprising the Wireless Application, together with $75,000 for the first year Annual License.

6.      Pursuant to the Services Agreement and SOW, and at the specific request of the XFL, YinzCam built and delivered the fully-functional XFL Wireless Application prior to and for use during the current XFL season. To this day, the XFL Wireless Application remains in operation and available for use by the XFL, its fans, and prospective suitors or buyers of the Debtor's business operations and assets.

7.      In violation of its obligations under the Services Agreement and SOW, the XFL has failed to pay any portion of the $175,000 development fee or the $75,000 Annual License owed to YinzCam for the development, license and use of the Wireless Application.

8.      Debtor admits, and does not dispute, its obligation to YinzCam in the amount of $250,000. *See* Doc. No. 1 at p.14 (List of Creditors Who Have the 25 Largest Unsecured Claims), Doc. No. 27 at p.5 (Amended Top 25) (both of which identify, without dispute or further condition, an unsecured claim owed to YinzCam, Inc. in the amount of $250,000 for Services).

## RESPONSE AND OBJECTION TO MOTION TO REJECT

9.      On April 13, 2020 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of its assets and the operation of its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10.     On the Petition Date, the Debtor also filed several rejection motions, including the Ninth Omnibus Motion to Reject (Doc. No. 20) by which it seeks authority to reject, *inter alia*, the Services Agreement between the XFL and YinzCam, effective as of the Petition Date.

11.     Notwithstanding its filing of the Ninth Omnibus Motion to Reject and its request for authority to reject the Services Agreement, it does not appear that the Debtor has taken any steps to discontinue the use or promotion of the contractually-licensed Wireless Application or to return to YinzCam any Confidential Information and other YinzCam property in its possession.

**A.      The Motion to Reject Should be Denied with Respect to the Services Agreement**

12.     According to the representations made in the Declaration of Jeffrey N. Pollack in Support of Debtor's Chapter 11 Petition and First-Day Pleadings (Doc. No. 8) and on the record during the First Day Hearing on April 15, 2020, the Debtor intends through this Bankruptcy Case to pursue a sale of its assets and business operations as a going-concern professional football league.

13.     The Debtor has not yet filed its completed Petition, Schedules and Statement of Financial Affairs. As such, YinzCam cannot determine whether, and to what extent, the Debtor contends that it has any property rights in and to the Wireless Application or the license and use rights thereto. Nonetheless, YinzCam recognizes that, to the extent the Debtor seeks to attract

potential buyers with an interest in acquiring a going-concern professional football league, the Wireless Application would be among the assets of interest to a prospective buyer.

14.     At a minimum, until the Debtor files its completed Petition, Schedules and Statement of Financial Affairs, and identifies all assets in which it claims any ownership or other right and interest, and specifically discloses whether it claims any such rights in the Wireless Application, the Ninth Omnibus Motion to Reject should be denied as to the Services Agreement with YinzCam.

15.     Further, because the XFL Wireless Application adds value to the business operation of the Debtor's "high energy professional football" operations, the estate would be preserved and maximized by the assumption of the Services Agreement conditioned on a cure and satisfaction of the terms thereof.

**B.**     **Any Order Authorizing Rejection Should be Conditioned**

16.     Without waiving the foregoing, and to the extent the Court is inclined to authorize the Debtor to reject the Services Agreement with YinzCam in advance of, and without regard to, an eventual sale process, the Order authorizing such rejection should be expressly conditioned on the requirement that the Debtor comply with all continuing obligations under the Services Agreement, including without limitation all contractual obligations that survive the termination or expiration of the agreement, the obligation to cease any further use of the Wireless Application or any related intellectual property, and the obligation to return all Confidential Information and other property to YinzCam.

17.     The Wireless Application includes confidential and proprietary technology, including technology encompassed in other Team Applications built and licensed by YinzCam. Accordingly, it would cause great prejudice to YinzCam to allow its confidential and proprietary

technology and other intellectual property to be possessed, used or disclosed contrary to the terms of the Services Agreement.

## **RESERVATION OF RIGHTS**

18.     This Response is without prejudice to YinzCam's right to raise further objections prior to, or at the hearing.

19.     To the extent consistent with the objections expressed herein, YinzCam joins in the objections of other respondents and the Official Committee of Unsecured Creditors.

20.     This Response is without prejudice to YinzCam's right to assert claims, including administrative claims, with respect to all or any portion of the payment owed under the Services Agreement.

WHEREFORE, Respondent YinzCam, Inc. respectfully requests that this Court deny the Ninth Omnibus Motion to Reject as to the Services Agreement with YinzCam. In the alternative, YinzCam requests that any Order authorizing such rejection be conditioned as described herein.

Dated: April 27, 2020

WHITEFORD, TAYLOR & PRESTON LLP

By:     */s/ Scott M. Hare*
        Scott M. Hare
        Pa. I.D. No. 63818

        200 First Avenue, Floor 3
        Pittsburgh, PA 15222
        Telephone: (412)-275-2399
        Email: share@wtplaw.com

*Counsel for YinzCam, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| ALPHA ENTERTAINMENT LLC, | Case No. 20-10940 (LSS) |
| Debtor. |  |

## <u>CERTIFICATE OF SERVICE</u>

I, Scott M. Hare, hereby certify that on the 27th day of April, 2020, I served or caused to be served the foregoing ***Response and Objection of YinzCam, Inc. to the Debtor's Ninth Omnibus Motion to Reject*** upon the following parties by email:

| | |
|---|---|
| Michael R. Nestor, Esquire<br>mnestor@ycst.com<br>Young Conaway Stargatt & Taylor, LLP<br>1000 North King Street<br>Wilmington, DE 19801 | Matthew B. Lunn, Esquire<br>mlunn@ycst.com<br>Young Conaway Stargatt & Taylor, LLP<br>1000 North King Street<br>Wilmington, DE 19801 |
| Kenneth J. Enos, Esquire<br>kenos@ycst.com<br>Young Conaway Stargatt & Taylor, LLP<br>1000 North King Street<br>Wilmington, DE 19801 | Travis G. Buchanan, Esquire<br>tbuchanan@ycst.com<br>Young Conaway Stargatt & Taylor, LLP<br>1000 North King Street<br>Wilmington, DE 19801 |
| Shane M. Reil, Esquire<br>sreil@ycst.com<br>Young Conaway Stargatt & Taylor, LLP<br>1000 North King Street<br>Wilmington, DE 19801 | Matthew P. Milana, Esquire<br>mmilana@ycst.com<br>Young Conaway Stargatt & Taylor, LLP<br>1000 North King Street<br>Wilmington, DE 19801 |

*/s/Scott M. Hare*_____
Scott M. Hare, Esquire