## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x
                                                       :

| | |
|---|---|
| In re | Chapter 11 |
| | |
| **ALPHA ENTERTAINMENT LLC,** | **Case No. 20-10940 (LSS)** |
| | |
| Debtor.[1] | **Hearing Date: June 16, 2020 at 10:00 a.m. (ET)** |
| | **Objection Deadline: May 14, 2020 at 4:00 p.m. (ET)** |

-------------------------------------------------------x

### DEBTOR'S THIRTEENTH MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO REJECT A CERTAIN UNEXPIRED LEASE, EFFECTIVE AS OF APRIL 30, 2020

---

**ANY PARTY RECEIVING THIS MOTION SHOULD LOCATE ITS NAME AND ITS REJECTED AGREEMENT IDENTIFIED ON <u>EXHIBIT 1</u> TO THE PROPOSED ORDER**

---

The debtor and debtor in possession in the above-captioned case (the "***Debtor***") hereby submits this motion (this "***Motion***") for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "***Proposed Order***"), authorizing, but not directing, the Debtor to (i) reject the unexpired lease of nonresidential real property set forth on <u>Exhibit 1</u> to the Proposed Order (the "***Rejected Real Property Lease***"), effective as of April 30, 2020, and (ii) abandon, effective as of April 30, 2020, any personal property of the Debtor, including, but not limited to, furniture, fixtures, and equipment (collectively, the "***Personal Property***") that remains as of that date on the premises (the "***Premises***") that are subject to the Rejected Real Property Lease.  In support of this Motion, the Debtor respectfully represents as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 7778.  The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

## JURISDICTION AND VENUE

1.        The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtor consents, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.        The statutory and legal predicates for the relief requested herein are sections 105(a), 365(a), and 554(a) of the Bankruptcy Code and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

## BACKGROUND

**A.        General Background**

3.        On April 13, 2020 (the "***Petition Date***"), the Debtor commenced this bankruptcy case (the "***Chapter 11 Case***") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On April 23, 2020, the United States Trustee for the District of Delaware (the "***U.S. Trustee***") appointed an official committee of unsecured creditors in the Chapter 11 Case (the "***Committee***") *See* Docket No. 65.   No requests have been made for the appointment of a trustee or examiner in the Chapter 11 Case.

4.        Additional factual background relating to the Debtor's business, capital structure, and the commencement of the Chapter 11 Case is set forth in the *Declaration of Jeffrey N. Pollack*

26414275.3

*in Support of Chapter 11 Petition and First-Day Pleadings* [Docket No. 8] (the "***First Day Declaration***").[2]

**B.     The Rejected Real Property Lease**

5.     Prior to the Petition Date, the XFL provided high-energy professional football, reimagined for the 21st century with many innovative elements designed to bring fans closer to the players and the game they love, during the time of year when they wanted more football.  The league debuted on February 8, 2020 to immediate acclaim; unfortunately, however, just weeks later the worldwide COVID-19 pandemic forced every major American sports league to suspend, if not cancel, their seasons.  On March 20, 2020, the XFL canceled the remainder of its inaugural season, costing the nascent league tens of millions of dollars in revenue.  The impossibility of knowing when the pandemic would sufficiently abate and allow the league to restart only exacerbated the problems posed by the Debtor's abrupt loss of revenue and continuing operating expenses.  After considering all available strategic options, the Debtor and its professional advisors determined that the best course to preserve and maximize the value of the Debtor's estate is through a chapter 11 sale process.

6.     The Rejected Real Property Lease relates to certain office facilities that are no needed for the Debtor's business and therefore represent potentially burdensome liabilities of its estate.

**RELIEF REQUESTED**

7.     By this Motion, in order to preserve and maximize the value of its estate, the Debtor seeks to reject the Rejected Real Property Lease, effective as of April 30, 2020, as the Debtor has

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

determined that the Rejected Real Property Lease is not integral to its chapter 11 efforts, is not otherwise beneficial to its estate, and potentially presents burdensome liabilities. In addition, the Debtor seeks to abandon, effective as of April 30, 2020, any Personal Property that remains as of such date on the Premises. In light of the Debtor's efforts to preserve and maximize the value of its estate through the Chapter 11 Case, and to avoid incurring costs and expenses that are no longer integral to its operations, the Debtor submits that such relief is necessary and appropriate.

## **BASIS FOR RELIEF**

**A.     Rejection of the Rejected Real Property Lease Effective as of April 30, 2020 is a Sound Exercise of the Debtor's Business Judgment**

8.     Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). As courts have held, "[t]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 *Collier on Bankruptcy* ¶ 365.01[1] (15th ed. 1993)).

9.     The standard applied to determine whether the rejection of an unexpired lease should be authorized is the "business judgment" standard. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *see also In re HQ Global Holdings, Inc.*, 290 B.R. 507, 513 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the "product of bad faith, whim, or caprice"). Once a debtor states a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken

was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

10. The business judgment rule is crucial in chapter 11 cases and shields a debtor's management from judicial second-guessing*. See Comm. of Asbestos Related Litigants and/or Creditors v. Johns-Manville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) ("The Code favors the continued operation of a business by a debtor and a presumption of reasonableness attached to a debtor's management decisions."). Generally, courts defer to a debtor-in-possession's business judgment to reject a lease or other executory contract. *See, e.g., NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *In re Minges*, 602 F.2d 38, 43 (2d Cir. 1979); *In re Riodizio*, 204 B.R. 417, 424–25 (Bankr. S.D.N.Y. 1997); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994).

11. Upon finding that the Debtor has exercised sound business judgment in determining that rejection of the Rejected Real Property Lease, effective as of April 30, 2020, is in the best interests of the Debtor and its estate, the Court should approve the proposed rejection under section 365(a) of the Bankruptcy Code. *See, e.g., Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). If a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease. *See, e.g., Sharon Steel Corp.*, 872 F.2d at 39–40.

12.     As an integral component of its effort to preserve and maximize the value of its estate and reduce potential administrative claims in the Chapter 11 Case by, among other things, eliminating unnecessary costs, the Debtor has determined, in its business judgment, that the Rejected Real Property Lease is burdensome and provides no economic value to its estate.  The Rejected Real Property Lease is unnecessary as the Debtor is no longer using the office facilities and, if not rejected, could potentially be a drain on the Debtor's estate and a hindrance to its chapter 11 efforts.  The Debtor also believes that any continued expense in maintaining the Rejected Real Property Lease and attempting to market the agreement would likely outweigh, if not eclipse, any benefit in attempting to identify a potential acquirer of the Rejected Real Property Lease and unnecessarily deplete assets of the Debtor's estate, to the detriment of creditors.  In contrast, rejection of the Rejected Real Property Lease will represent a significant cost savings to the Debtor moving forward.

13.     To avoid paying any unnecessary expenses related to the Rejected Real Property Lease, the Debtor seeks to reject the Rejected Real Property Lease effective as of April 30, 2020.  The Court has routinely authorized a debtor's retroactive rejection of unexpired leases.  *See In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004); *see also In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (rejection permitted to be effective as of the date of the motion or the date the premises surrendered).

14.     The facts and circumstances of the Chapter 11 Case and the balance of the equities favor the Debtor's rejection of the Rejected Real Property Lease effective as of April 30, 2020.  Without a retroactive date of rejection, the Debtor may incur unnecessary administrative charges that are not necessary to its operations.  Moreover, the counterparty to the Rejected Real Property Lease (the "***Counterparty***") will not be unduly prejudiced if the Rejected Real Property Lease is

26414275.3

rejected effective as of April 30, 2020 because the Debtor has served this Motion on the Counterparty and/or its agents or representatives by overnight delivery and, where possible, electronic mail, stating that the Debtor intends to reject the Rejected Real Property Lease effective as of April 30, 2020.

15.     Furthermore, the Debtor has, on or before April 30, 2020, unequivocally surrendered possession of the Premises to the Counterparty by turning over any keys to the Premises to the Counterparty or its representative and/or informing the Counterparty to terminate all badge or other electronic access privileges of the Debtor and its employees.  Therefore, as it is in the Debtor's and its estate's best interest to eliminate the potential incurrence of administrative claims, and to avoid the potential accrual of any further obligations under the Rejected Real Property Lease, the Debtor respectfully submits that the retroactive rejection of the Rejected Real Property Lease, effective as of April 30, 2020, is appropriate.

16.     In light of the foregoing facts and circumstances, the Debtor respectfully submits that its rejection of the Rejected Real Property Lease under section 365(a) of the Bankruptcy Code, effective as of April 30, 2020, is a sound exercise of its business judgment and is necessary, prudent, and in the best interests of the Debtor, its estate, and its creditors.  Accordingly, entry of the Proposed Order is appropriate.

**B.      Authorizing the Debtor to Abandon any Personal Property Remaining at the Premises as of April 30, 2020 is Appropriate**

17.     In the event that any Personal Property remains on the Premises as of April 30, 2020, the Debtor requests authority to abandon the Personal Property, pursuant to section 554(a) of the Bankruptcy Code, with such abandonment being effective as of April 30, 2020.

18.     Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of

26414275.3

inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The right to abandon is virtually unfettered, unless abandonment of the property will contravene laws designed to protect public health and safety and the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant under the circumstances.

19.     The Debtor submits that any abandoned Personal Property is of inconsequential value or burdensome to the Debtor's estate to remove. Among other things, the Debtor believes that the cost of retrieving, marketing, and reselling the abandoned Personal Property outweighs any recovery that the Debtor could reasonably hope to attain for such Personal Property. As a result, the Debtor has determined, in its business judgment, that the abandonment of any such Personal Property, effective as of April 30, 2020, is a sound exercise of its business judgment, and is necessary, prudent, and in the best interests of the Debtor, its estate, and its creditors.

## RESERVATION OF RIGHTS

20.     Nothing contained herein should be construed as a waiver of any of the Debtor's rights, defenses, or counterclaims with respect to the Rejected Real Property Lease. Nor does anything contained herein constitute an acknowledgement that the Rejected Real Property Lease constitutes an executory contract or unexpired lease under section 365 of the Bankruptcy Code, and has not otherwise expired by its own terms or upon agreement of the parties as of the date hereof.

## NOTICE

21.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) proposed counsel to the Committee; (iii) counsel to the Debtor's prepetition lender; (iv) the Counterparty (via overnight delivery); and (v) any party that

26414275.3

has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtor requests entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

| | | |
|---|---|---|
| Dated: | April 30, 2020<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP |

*/s/ Shane M. Reil*

Michael R. Nestor (No. 3526) (mnestor@ycst.com)
Matthew B. Lunn (No. 4119) (mlunn@ycst.com)
Kenneth J. Enos (No. 4544) (kenos@ycst.com)
Travis G. Buchanan (No. 5595) (tbuchanan@ycst.com)
Shane M. Reil (No. 6195) (sreil@ycst.com)
Matthew P. Milana (No. 6681) (mmilana@ycst.com)
1000 N. King Street
Rodney Square
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

*Proposed Counsel to the Debtor and Debtor in Possession*

26414275.3