# EXHIBIT A

**Proposed Order**

26414275.3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------x
: **Chapter 11**
**In re** :
: **Case No. 20-10940 (LSS)**
**ALPHA ENTERTAINMENT LLC,** :
:
Debtor.[1] : Ref. Docket No. _____
----------------------------------------------------------x

### ORDER AUTHORIZING THE DEBTOR TO REJECT A CERTAIN UNEXPIRED LEASE, EFFECTIVE AS OF APRIL 30, 2020

Upon the motion (the "*Motion*")[2] of the Debtor for the entry of an order, pursuant to sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, authorizing the Debtor to (i) reject the Rejected Real Property Lease set forth on Exhibit 1 to this Order, effective as of April 30, 2020; and (ii) abandon, effective as of April 30, 2020, any Personal Property that remains as of that date on the Premises subject to the Rejected Real Property Lease; and upon consideration of the First Day Declaration and the record of the Chapter 11 Case; and having determined that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and having determined that this is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and having determined that venue of the Chapter 11 Case and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and having determined that due and adequate notice of the Motion has been given under the circumstances, and that no other or further

---

[1] The last four digits of the Debtor's federal tax identification number are 7778. The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

26414275.3

notice need be given; and having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Real Property Lease, to the extent not already terminated in accordance with its applicable terms or upon agreement of the parties, is hereby rejected by the Debtor, with such rejection being effective as of April 30, 2020.

3. Pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, any Personal Property remaining, as of April 30, 2020, on the Premises is hereby abandoned by the Debtor, with such abandonment being effective as of April 30, 2020. The Landlord of the Rejected Real Property Lease may dispose of any and all abandoned Personal Property remaining on the Premises without further notice or liability to any third party.

4. If the Debtor has deposited monies with the Counterparty to the Rejected Real Property Lease as a security deposit or other arrangement, the Counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of this Court.

5. Any person or entity that holds a claim that arises from the Rejected Real Property Lease must file a proof of claim based on such rejection by the last date and time for each person or entity to file proofs of claim based on prepetition claims against the Debtor as set by an order of this Court.

6. Nothing in this Order shall impair, prejudice, waive, or otherwise affect any rights of the Debtor or its estate to assert that any claims for damages arising from the Debtor's rejection

26414275.3

of the Rejected Real Property Lease are limited to any remedies available under any applicable termination provisions of such Rejected Real Property Lease, or that any such claims are obligations of a third party, and not those of the Debtor or its estate.

7. The Debtor is authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate, to implement and effectuate the relief granted by this Order.

8. The rights of the Debtor and its estate to assert that the Rejected Real Property Lease expired by its own terms or was terminated prior to the date hereof are fully preserved, and the Debtor and its estate do not waive any claims that they may have against the Counterparty, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Real Property Lease.

9. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

10. The requirements in Bankruptcy Rule 6006 and 6007 are satisfied.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

# **EXHIBIT 1**

## **Rejected Real Property Lease**

26414275.3

| Landlord / Counterparty | Leased Premises | Description |
|---|---|---|
| 255 S. King Street Tennant LLC (WeWork) | 255 S. King Street Seattle, WA 98101 | Office Lease, and any amendments thereto |

26414275.3