## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
:
In re                                                 :    **Chapter 11**
:
**ALPHA ENTERTAINMENT LLC,**                          :    **Case No. 20-10940 (LSS)**
:
Debtor.[1]                                            :
:    **Ref. Docket Nos. 7, 51 and 78**
------------------------------------------------------x

## NOTICE OF FILING OF *PROPOSED* FINAL CASH COLLATERAL ORDER

**PLEASE TAKE NOTICE** that, on April 13, 2020, the above-captioned debtor and debtor in possession (the "***Debtor***") filed that certain *Motion for Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 362, 363, 364 and 507, (A) Authorizing Post-Petition Financing, (B) Authorizing Use of Cash Collateral, (C) Scheduling a Final Hearing, and (D) Granting Related Relief* [Docket No. 7] (the "***Motion***").

**PLEASE TAKE FURTHER NOTICE** that, on April 21, 2020, the Court entered an order [Docket No. 51] (the "***Interim Cash Collateral Order***") approving the Debtor's use of cash collateral, as provided in the Interim Cash Collateral Order, and scheduled a hearing, initially set for May 13, 2020 at 10:00 a.m. (ET) and subsequently rescheduled to May 27, 2020 at 11:00 a.m. (ET) (the "***Hearing***"), to consider the Motion and the relief requested therein on a final basis.

**PLEASE TAKE FURTHER NOTICE** that, on April 29, 2020, the Debtor filed that certain *Notice of Filing of Proposed Final DIP Order* [Docket No. 78] (the "***Proposed Final DIP Order***"). **The Debtor hereby withdraws its request for entry of the Proposed Final DIP Order**.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of order approving, among other things, the Debtor's use of cash collateral on a final basis (the "***Proposed Final Cash Collateral Order***") is attached hereto as Exhibit A. For the convenience of the Court and other interested parties, a copy of the Proposed Final Cash Collateral Order marked against the Interim Cash Collateral Order is attached hereto as Exhibit B.

**PLEASE TAKE FURTHER NOTICE** that the Debtor intends to seek entry of the Proposed Final Cash Collateral Order at the Hearing. The Debtor reserves all rights to revise the Proposed Final Cash Collateral Order at or prior to the Hearing.

---

[1] The last four digits of the Debtor's federal tax identification number are 7778. The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

Dated:    May 26, 2020
          Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Shane M. Reil*

Michael R. Nestor (No. 3526) (mnestor@ycst.com)
Matthew B. Lunn (No. 4119) (mlunn@ycst.com)
Kenneth J. Enos (No. 4544) (kenos@ycst.com)
Travis G. Buchanan (No. 5595) (tbuchanan@ycst.com)
Shane M. Reil (No. 6195) (sreil@ycst.com)
Matthew P. Milana (No. 6681) (mmilana@ycst.com)
1000 N. King Street
Rodney Square
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

*Counsel to the Debtor and Debtor in Possession*

## Exhibit A

**Proposed Final Cash Collateral Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| | **)** | |
| ALPHA ENTERTAINMENT LLC, | ) | **Case No. 20-10940 (LSS)** |
| | ) | |
| Debtor. | ) | |
| | ) | **Ref. Docket No. 7, 51** |

**FINAL ORDER AUTHORIZING**
**USE OF CASH COLLATERAL, SCHEDULING A FINAL HEARING,**
**AND GRANTING RELATED RELIEF**

THIS MATTER having come before the Court upon the motion (the "Motion") of Alpha Entertainment LLC (the "Debtor") in the above-captioned chapter 11 case (the "Case") pursuant to Sections 105, 362, 363, 364(c) and (d), and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), Rules 2002, 4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules for the District of Delaware (the "Local Rules"), seeking, among other things:

(i)    authorization for the Debtor to use cash collateral, as defined by Section 363(a) of the Bankruptcy Code ("Cash Collateral");

(ii)    subject to the Carve-Out, the granting to the prepetition lender (the "Prepetition Lender"), as adequate protection for amounts advanced to the Debtor prepetition under a Senior Secured Promissory Note dated March 25, 2020 (as amended, the "Prepetition Secured Note"), adequate protection in the form of replacement liens and superpriority administrative expense claims as set forth in the Interim Order and this Final Order;

(iii)    pursuant to Bankruptcy Rule 4001, that an interim hearing on the Motion be held before this Court to consider entry of an interim order; and

(iv)    that a final hearing (the "Final Hearing") be held on or before May 27, 2020, to consider entry of a final order (the "Final Order") authorizing the use of Cash Collateral.

NOW THEREFORE, the Court having entered that certain *Interim Order Authorizing Use of Cash Collateral, Scheduling a Final Hearing and Granting Related Relief* [Docket No. 51] (the "Interim Order") and having considered the Motion and any evidence submitted at the held on April 15, 2020 and April 20, 2020 (collectively, the "Interim Hearing"), including the First Day Declaration; and due and appropriate notice of the Motion, the relief requested therein, and Final Hearing having been given in accordance with Bankruptcy Rules 2002, 4001, and 9014 and under the circumstances; and the Final Hearing to consider the final relief requested in the Motion having been held and concluded; and the Objection filed by the Official Committee of Unsecured Creditors (the "Committee") appearing at Docket No. 147 and all other formal or informal objections, if any, to the relief requested in the Motion on a final basis having been withdrawn, resolved, or overruled by the Court; and it appearing to the Court that granting the relief requested on final basis, as modified herein, is necessary to the Debtor and its estate, and otherwise is fair and reasonable and in the best interests of the Debtor, its estate, and its creditors and equity holders, and is essential to the Debtor's efforts to preserve and maximize the value of its assets during the course of the Case; and after due deliberation and consideration, and for good and sufficient cause appearing therefor;

BASED UPON THE RECORD ESTABLISHED AT THE INTERIM HEARING AND THE FINAL HEARING BY THE DEBTOR, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.      *Petition Date*. On April 13, 2020 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (this "Court") commencing the Case.

B.      *Debtor-in-Possession*. The Debtor is currently operating its business as debtor-in-possession pursuant to section 1101 of the Bankruptcy Code.

C.      *Jurisdiction and Venue*. This Court has jurisdiction, pursuant to 28 U.S.C. §§ 157(b) and 1334, over the Case, and over the persons and property affected hereby. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue for the Case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

D.      *Official Committees*. On April 23, 2020, the United States Trustee for the District of Delaware (the "United States Trustee") appointed the Committee in the Case pursuant to Section 1102 of the Bankruptcy Code.

E.      *Notice*. Under the circumstances, the notice given by the Debtor of the Motion, the relief requested therein, and the Final Hearing constitutes appropriate, due, and sufficient notice thereof and complies with the Bankruptcy Rules and Local Rules, and under the circumstances no further notice of the relief sought at the Final Hearing and the relief granted herein is necessary or required..

Based upon the foregoing findings and conclusions, the Motion and the record before the Court with respect to the Motion, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1.      The Motion, with respect to the use of Cash Collateral, is granted on a final basis and the Debtor is authorized to use Cash Collateral to the extent set forth herein.

2.      Budget. From and after the entry of the Final Order, the Debtor shall use Cash Collateral only for the purposes specifically set forth in this Final Order and in compliance with the budget attached hereto as **Exhibit A** (the "Approved Budget"). Actual expenditures made by the Debtor shall not exceed the amounts set forth in the Approved Budget in any week by more than fifteen percent (15%) for any single line item or ten percent (10%) in the aggregate for any applicable period (the "Permitted Variance"); *provided*, *however*, that if the actual aggregate disbursements for a given week do not exceed 100% of the aggregate budgeted disbursements for such week, then the aggregate permitted disbursements for the next week shall be increased by such aggregate deficiency on a rolling, cumulative basis. Except for the professional fees and expenses, the Permitted Variance shall be tested at the end of each week beginning with the end of the first week following April 20, 2020, both for the preceding week and cumulatively from the Petition Date through the end of the most recently completed week. The Permitted Variance for professional fees and expenses shall be measured on a monthly basis after the issuance of the invoices to the Debtor by the applicable professional firm. The terms of this paragraph 2 are hereinafter referred to as the "Budget Covenant").

3.      Adequate Protection for Prepetition Secured Note. The Prepetition Lender, on account of the Prepetition Secured Note, has asserted that it is entitled pursuant to Sections 361 and 363(c)(2) of the Bankruptcy Code to adequate protection of the Prepetition Lender's interest in the collateral for the Prepetition Secured Note (the "Prepetition Collateral"), including Cash Collateral, in an amount equal to the diminution in value of the Prepetition Collateral, including any such diminution resulting from the sale, lease, or use by the Debtor (or other decline in value) of the Prepetition Collateral, as well as the imposition of the automatic stay (such diminution, the "Adequate Protection Obligations"). As adequate protection and security for the

4

payment of the Adequate Protection Obligations, the Prepetition Lender, on account of the Prepetition Secured Note, shall have the following:

(a)    <u>Adequate Protection Liens</u>. The Prepetition Lender is hereby granted effective and perfected upon the date of the Interim Order and without the necessity of the execution by the Debtor of security agreements, pledge agreements, mortgages, financing statements, or other agreements a valid, perfected replacement security interest in and lien on all of the Prepetition Collateral (the "<u>Adequate Protection Liens</u>"), subject and subordinate only to (i) Permitted Priming Liens[1] and (ii) the Carve Out.

(b)    <u>Section 507(b) Claim</u>. The Adequate Protection Obligations shall constitute superpriority claims as provided in section 507(b) of the Bankruptcy Code (the "<u>Adequate Protection Priority Claims</u>"), with priority in payment over any and all administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code, including without limitation, sections 326, 328, 330, 331, and 726 of the Bankruptcy Code, subject and subordinate only to the Carve Out.

4.    <u>Carve-Out</u>.

(a)    The Adequate Protection Liens, Prepetition Liens, and the Adequate Protection Superpriority Claims, shall be subject to a carve-out (the "<u>Carve-Out</u>") for the following, and in the following priority (i) all fees (and interest) required to be paid to the Clerk

---

[1] For purposes of this Interim Order, "<u>Permitted Priming Liens</u>" means valid, perfected, and non-avoidable Permitted Liens (as defined below) in existence on the Petition Date that are not subject to subordination and were either properly perfected as of the Petition Date or subsequently perfected pursuant to section 546(b) of the Bankruptcy Code. For purposes of this Interim Order, "<u>Permitted Liens</u>" means: (a) liens arising by operation of law in favor of warehousemen, landlords, carriers, mechanics, materialmen, laborers or suppliers, in each case incurred in the ordinary course of business and not in connection with the borrowing of money, (b) liens incurred in the ordinary course of business in connection with workers' compensation and other unemployment insurance, or to secure the performance of tenders, surety and appeal bonds, bids, leases, government contracts, trade contracts and other similar obligations (exclusive of obligations for the payment of borrowed money), (c) rights of setoff or bankers' liens upon deposits of cash in favor of banks or other depository institutions, and (d) the liens of JPMorgan Chase Bank, N.A. in the Debtor's deposit accounts at JPMorgan Chase Bank, N.A. over which JPMorgan Chase Bank has control.

of the Bankruptcy Court and to the United States Trustee; (ii) subject to the restrictions in Paragraph 5 of this Final Order, the amount of allowed and unpaid fees, costs, and expenses of the estate's court-approved professionals in the Case incurred from and after the occurrence of an Event of Default, in an aggregate amount not to exceed (x) $175,000 in the case of the Debtor's court-approved professionals and (y) $50,000 in the case of court-approved professionals retained by a committee, if any, appointed in the Case under Section 1102 of the Bankruptcy Code (a "Committee"); and (iii) the amount of allowed and unpaid fees, costs, and expenses of the estate's court-approved professionals in the Case incurred prior to the occurrence of an Event of Default, not to exceed the amounts set forth in applicable lines of the Approved Budget as of any applicable date of determination.

(b)       Upon the occurrence and continuance (beyond any applicable grace period) of an Event of Default (as defined below), the right of the Debtor to pay fees and expenses of professionals retained by order of the Bankruptcy Court outside of the Carve-Out shall immediately terminate (a "Carve-Out Event"), and upon such occurrence, the Debtor shall provide immediate notice by facsimile and e-mail to all professionals informing them that a Carve-Out Event has occurred and further advising them that the Debtor's ability to pay estate professionals is subject to the Carve-Out.

(c)       Notwithstanding anything herein to the contrary, prior to a Carve-Out Event, the Debtor shall, in accordance with the Approved Budget and subject to the terms of this Final Order and any other relevant orders of the Bankruptcy Court, be permitted to pay compensation and reimbursement of expenses to professionals allowed and payable under sections 330 and 331 of the Bankruptcy Code and such orders of the Bankruptcy Court

authorizing the payment of compensation and reimbursement of expenses that have been incurred prior to the occurrence of such Carve-Out Event.

(d)     Nothing herein shall constitute a cap on the amount of professional fees and expenses that may be incurred or allowed in the Case; provided that no payments of such fees and expenses shall be made in excess of the amounts contained within or inconsistent with the Approved Budget and the Budget Covenant.

5.     Restrictions on Use of Proceeds. No proceeds from the Carve-Out may be used (1) to investigate or challenge in any respect the validity, priority, perfection, extent, or enforceability of the liens securing the Prepetition Secured Note or (2) to investigate or pursue any claims or causes of action of any kind against the Prepetition Lender; provided, that the proceeds from the Carve-Out may be used to pay the fees of professionals retained by a Committee, if any, to investigate the liens security the Prepetition Secured Note, in an amount not to exceed $20,000.

6.     Events of Default. The occurrence of any of the following events shall constitute an "Event of Default" under this Final Order:

(a)     The Case shall be dismissed or converted to a case under chapter 7 of the Bankruptcy Code;

(b)     This Final Order shall be stayed, amended, modified, reversed, or vacated without the written consent of the Prepetition Lender (which consent shall not be unreasonably withheld, conditioned or delayed), which stay is not vacated, or which amendment, modification, reversal, or vacatur is not stayed within three (3) business days following the imposition of such stay or the effective date of such amendment, modification, reversal or vacatur;

7

(c)     Any Prepetition Collateral is sold without the prior written consent of the Prepetition Lender;

(d)     The Debtor shall file any application in support of any of (a) through (c) above;

(e)     The Debtor's filing of a motion to appoint, any other party's filing of a motion to appoint if such motion is not resolved within thirty (30 days), or the appointment of, a trustee or examiner with expanded powers in the Case;

(f)     Other than the Motion appearing at Docket No. 7, the Debtor shall file a motion or other pleading seeking to grant a lien on the Prepetition Collateral that is equal or senior to the Prepetition Liens;

(g)     The Court shall enter an order granting relief from the automatic stay to allow for foreclosure on any Prepetition Collateral with an aggregate book value in excess of $150,000;

(h)     The failure to satisfy the following milestones:  (i) on or before May 29, 2020, the Bankruptcy Court shall have entered on the docket an order approving bid procedures for the sale of substantially all of the Debtor's assets (the "Sale"), in the form and substance satisfactory to the Prepetition Lender; and (ii) on or before August 7, 2020, the Bankruptcy Court shall entered on the docket an order approving the Sale, in form and substance satisfactory to the Prepetition Lender; or

(i)     The Debtor's failure to perform, in any respect, any of the terms, conditions, covenants, or obligations under this Final Order.

8

7.     <u>Proofs of Claim</u>. The Prepetition Lender will not be required to file proofs of claim in the Case for any claim allowed herein in relation to the Prepetition Secured Note. The Prepetition Lender is hereby authorized and entitled, in its sole discretion, but not required, to file (and amend or supplement, as applicable and as it sees fit) a proof of claim in the Case for any claim allowed herein in relation to the Prepetition Secured Note.

8.     <u>Limitations on the use of Prepetition Collateral</u>. The Prepetition Collateral may not be used in connection with: (a) preventing, hindering, or delaying any of the Prepetition Lender's enforcement or realization upon any of the Prepetition Collateral once an Event of Default has occurred; (b) selling or otherwise disposing of the Prepetition Collateral without the prior written consent of the Prepetition Lender; (c) using or seeking to use any insurance proceeds constituting Prepetition Collateral without the prior written consent of the Prepetition Lender; (d) objecting or challenging in any way any claims, liens, on the Prepetition Collateral, as the case may be, held by or on behalf of the Prepetition Lender; or (e) prosecuting an objection to, contesting in any manner, or raising any defenses to (but not the investigation of), the validity, extent, amount, perfection, priority, or enforceability of any of the Prepetition Liens or any other rights or interests of the Prepetition Lender.

9.     <u>Prohibition on Liens/Subordination</u>. Except as otherwise provided in the Interim Order or this Final Order, the Prepetition Liens shall not at any time be (i) made subject or subordinated to, or made *pari passu* with, any other lien, security interest, or claim existing as of the Petition Date, or created under Sections 363 or 364(d) of the Bankruptcy Code or otherwise, or (ii) subject to any lien or security interest that is avoided and preserved for the benefit of the Debtor's estate under Section 551 of the Bankruptcy Code.

9

10.    <u>Modification of Automatic Stay</u>. Subject to the entry of a Final Order, the automatic stay imposed under Section 362(a) of the Bankruptcy Code is hereby modified solely, upon the occurrence of an Event of Default and following five (5) business days' written notice (the "<u>Notice Period</u>") by the Prepetition Lender to the Debtor, counsel to the Debtor, counsel to the Committee (if appointed) and the United States Trustee (collectively, the "<u>Notice Parties</u>") of the occurrence of such Event of Default, subject to an ability to cure, if such Event of Default is capable of being cured, during the Notice Period, to permit the Prepetition Lender to take any and all actions and remedies to proceed against, take possession of, protect and realize upon the Prepetition  Collateral and any other property of the estate of the Debtor upon which the Prepetition Lender has been or may hereafter be granted liens and security interests; <u>provided</u>, that such notice by the Prepetition Lender shall not prejudice the rights of the Notice Parties to file a motion (the "<u>Opposition Motion</u>") with the Court opposing the termination of the automatic stay or the occurrence of an Event of Default; <u>provided</u>, <u>further</u>, that upon the filing of such motion the Prepetition Lender shall be stayed from taking any actions or remedies against the Prepetition Collateral until the Court hears and disposes of such motion. During the Notice Period and during the period following the filing of an Opposition Motion, the Debtor may use Cash Collateral to pay the following amounts and expenses in accordance with the Approved Budget:  (i) expenses that the Debtor has determined in good faith are in the ordinary course and critical to the preservation of the Debtor and its estate, and (ii) such other amounts as have been approved in advance in writing by the Prepetition Lender.  Notwithstanding the foregoing, nothing herein shall limit or restrict the issues to be decided by the Court upon an Event of Default.

304661676 v1

11.     <u>No Third Party Rights</u>. Except as explicitly provided for herein, this Final Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

12.     <u>Binding Effect of Final Order</u>. Immediately upon entry of this Final Order by this Court, the terms and provisions of this Final Order shall become valid and binding upon and inure to the benefit of the Debtor, the Prepetition Lender, all other creditors of the Debtor, and all other parties in interest and their respective successors and assigns, including upon dismissal of the Case.

13.     <u>Priority of Terms</u>.  To the extent of any conflict between or among (a) the Motion, any other order of this Court and (b) the terms and provisions of this Interim Order, on the other hand, the terms and provisions of this Final Order shall govern.

14.     <u>Amendment of Approved Budget</u>.  The Debtor and the Prepetition Lender may amend the Approved Budget (after consultation with the Committee) on at least seven (7) calendar days prior notice to the Committee and the United States Trustee.  If the Committee or United States Trustee objects to any proposed amendment, the Debtor shall file a motion seeking approval of such amendment.

15.     Notwithstanding anything to the contrary herein, this Final Order is without prejudice to the rights, if any, of any party in interest to object to, contest, or seek standing with respect to (i) the validity, amount or allowance of the Prepetition Secured Note, (ii) whether Debtor's cash is cash collateral as that term is defined in the Bankruptcy Code; (iii) the collateral pledged to secure the Prepetition Secured Note, (iv) the extent, validity, priority, perfection, extent or enforceability of any liens securing the Prepetition Secured Note, (v) whether any claims or causes of action exist against the Prepetition Lender relating to the Prepetition Secured

304661676 v1

Note or otherwise, and/or (vi) whether use of the Prepetition Collateral, including any cash collateral, will result in diminution as contemplated by the Bankruptcy Code.

16.     <u>Headings</u>. Section headings used herein are for convenience only and are not to affect the construction of or to be taken into consideration in interpreting this Interim Order.

17.     <u>Bankruptcy Rule 7052</u>. This Final Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Any findings of fact shall constitute a finding of fact even if it is stated as a conclusion of law, and any conclusion of law shall constitute a conclusion of law even if it is stated as a finding of fact.

18.     <u>Retention of Jurisdiction</u>. The Court has and will retain jurisdiction to enforce this Interim Order according to its terms

**Exhibit A**

Approved Budget

# Exhibit B

**Blackline**

26427685.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| | **)** | |
| ALPHA ENTERTAINMENT LLC, | ) | **Case No. 20-10940 (LSS)** |
| | ) | |
| Debtor. | ) | |
| | ) | **Ref. Docket No. 7, 51** |

### ~~INTERIM~~ FINAL ORDER AUTHORIZING
### USE OF CASH COLLATERAL, SCHEDULING A FINAL HEARING,
### AND GRANTING RELATED RELIEF

THIS MATTER having come before the Court upon the motion (the "<u>Motion</u>") of Alpha Entertainment LLC (the "<u>Debtor</u>") in the above-captioned chapter 11 case (the "<u>Case</u>") pursuant to Sections 105, 362, 363, 364(c) and (d), and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "<u>Bankruptcy Code</u>"), Rules 2002, 4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the Local Bankruptcy Rules for the District of Delaware (the "<u>Local Rules</u>"), seeking, among other things:

(i)    authorization for the Debtor to use cash collateral, as defined by Section 363(a) of the Bankruptcy Code ("<u>Cash Collateral</u>");

(ii)    subject to the Carve-Out, the granting to the prepetition lender (the "<u>Prepetition Lender</u>"), as adequate protection for amounts advanced to the Debtor prepetition under a Senior Secured Promissory Note dated March 25, 2020 (as amended, the "<u>Prepetition Secured Note</u>"), adequate protection in the form of replacement liens and superpriority administrative expense claims as set forth in th~~is~~e Interim Order and this Final Order;~~and~~

304661676 v1
~~304708365 v3~~

26427685.1

(iii)    pursuant to Bankruptcy Rule 4001, that an interim hearing on the Motion (the "Interim Hearing") be held before this Court to consider entry of this proposed an interim order (the "Interim Order").; and

(iv)    that a final hearing (the "Final Hearing") be held on or before May 27, 2020, to consider entry of a final order (the "Final Order") authorizing the use of Cash Collateral.

NOW THEREFORE, the Court having entered that certain *Interim Order Authorizing Use of Cash Collateral, Scheduling a Final Hearing and Granting Related Relief* [Docket No. 51] (the "Interim Order") and having considered the Motion and any evidence submitted at the held on April 15, 2020 and April 20, 2020 (collectively, the "Interim Hearing"), including the First Day Declaration; and due and appropriate notice of the Motion, the relief requested therein, and Interim Final Hearing having been given in accordance with Bankruptcy Rules 2002, 4001, and 9014 and under the circumstances; and the Interim Final Hearing to consider the interim final relief requested in the Motion having been held and concluded; and all the Objection filed by the Official Committee of Unsecured Creditors (the "Committee") appearing at Docket No. 147 and all other formal or informal objections, if any, to the interim relief requested in the Motion on a final basis having been withdrawn, resolved, or overruled by the Court; and it appearing to the Court that granting the interim relief requested on final basis, as modified herein, is necessary to avoid immediate and irreparable harm to the Debtor and its estate pending the Final Hearing, and otherwise is fair and reasonable and in the best interests of the Debtor, its estate, and its creditors and equity holders, and is essential to the Debtor's efforts to preserve and maximize the value of its assets during the course of the Case; and after due deliberation and consideration, and for good and sufficient cause appearing therefor;

304661676 v1
304708365 v3

26427685.1

BASED UPON THE RECORD ESTABLISHED AT THE INTERIM HEARING AND THE FINAL HEARING BY THE DEBTOR, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.    *Petition Date*. On April 13, 2020 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (this "Court") commencing the Case.

B.    *Debtor-in-Possession*. The Debtor is currently operating its business as debtor-in-possession pursuant to section 1101 of the Bankruptcy Code.

C.    *Jurisdiction and Venue*. This Court has jurisdiction, pursuant to 28 U.S.C. §§ 157(b) and 1334, over the Case, and over the persons and property affected hereby. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue for the Case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

D.    *Official Committees*. The On April 23, 2020, the United States Trustee for the District of Delaware (the "United States Trustee") has not yet appointed any official committees the Committee in the Case pursuant to Section 1102 of the Bankruptcy Code.

E.    *Notice*. Under the circumstances, the notice given by the Debtor of the Motion, the relief requested therein, and the Interim Final Hearing constitutes appropriate, due, and sufficient notice thereof and complies with the Bankruptcy Rules and Local Rules, and under the circumstances no further notice of the relief sought at the Interim Final Hearing and the relief granted herein is necessary or required.

Based upon the foregoing findings and conclusions, the Motion and the record before the Court with respect to the Motion, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

3

304661676 v1
304708365 v3

26427685.1

1.      The Motion, with respect to the use of Cash Collateral, is granted on an interim a

final basis and the Debtor is authorized to use Cash Collateral to the extent set forth herein.

2.      <u>Budget</u>. From and after the entry of the Interim Final Order, the Debtor shall use

Cash Collateral only for the purposes specifically set forth in this Interim Final Order and in

compliance with the budget attached hereto as **Exhibit A** (the "Approved Budget"). Actual

expenditures made by the Debtor shall not exceed the amounts set forth in the Approved Budget

in any week by more than fifteen percent (15%) for any single line item or ten percent (10%) in

the aggregate for any appilcable period (the "Permitted Variance"); *provided*, *however*, that if the

actual aggregate disbursements for a given week do not exceed 100% of the aggregate budgeted

disbursements for such week, then the aggregate permitted disbursements for the next week shall

be increased by such aggregate deficiency on a rolling, cumulative basis. Except for the

professional fees and expenses, the Permitted Variance shall be tested at the end of each week

beginning with the end of the first week following April 20, 2020, both for the preceding week

and cumulatively from the Petition Date through the end of the most recently completed week.

The Permitted Variance for professional fees and expenses shall be measured on a monthly basis

after the issuance of the invoices to the Debtor by the applicable professional firm. The terms of

this paragraph 2 are hereinafter referred to as the "Budget Covenant").

3.      <u>Adequate Protection for Prepetition Secured Note</u>. The Prepetition Lender, on

account of the Prepetition Secured Note, has asserted that it is entitled pursuant to Sections 361

and 363(c)(2) of the Bankruptcy Code to adequate protection of the Prepetition Lender's interest

in the collateral for the Prepetition Secured Note (the "Prepetition Collateral"), including Cash

Collateral, in an amount equal to the diminution in value of the Prepetition Collateral, including

any such diminution resulting from the sale, lease, or use by the Debtor (or other decline in

304661676 v1
304708365 v3

26427685.1

value) of the Prepetition Collateral, as well as the imposition of the automatic stay (such diminution, the "Adequate Protection Obligations"). As adequate protection and security for the payment of the Adequate Protection Obligations, the Prepetition Lender, on account of the Prepetition Secured Note, shall have the following:

(a)     Adequate Protection Liens. The Prepetition Lender is hereby granted effective and perfected upon the date of thise Interim Order and without the necessity of the execution by the Debtor of security agreements, pledge agreements, mortgages, financing statements, or other agreements) a valid, perfected replacement security interest in and lien on all of the Prepetition Collateral (the "Adequate Protection Liens"), subject and subordinate only to (i) Permitted Priming Liens[1] and (ii) the Carve Out.

(b)     Section 507(b) Claim. The Adequate Protection Obligations shall constitute superpriority claims as provided in section 507(b) of the Bankruptcy Code (the "Adequate Protection Priority Claims"), with priority in payment over any and all administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code, including without limitation, sections 326, 328, 330, 331, and 726 of the Bankruptcy Code, subject and subordinate only to the Carve Out.

---

[1] For purposes of this Interim Order, "Permitted Priming Liens" means valid, perfected, and non-avoidable Permitted Liens (as defined below) in existence on the Petition Date that are not subject to subordination and were either properly perfected as of the Petition Date or subsequently perfected pursuant to section 546(b) of the Bankruptcy Code. For purposes of this Interim Order, "Permitted Liens" means: (a) liens arising by operation of law in favor of warehousemen, landlords, carriers, mechanics, materialmen, laborers or suppliers, in each case incurred in the ordinary course of business and not in connection with the borrowing of money, (b) liens incurred in the ordinary course of business in connection with workers' compensation and other unemployment insurance, or to secure the performance of tenders, surety and appeal bonds, bids, leases, government contracts, trade contracts and other similar obligations (exclusive of obligations for the payment of borrowed money), and (c) rights of setoff or bankers' liens upon deposits of cash in favor of banks or other depository institutions, and (d) the liens of JPMorgan Chase Bank, N.A. in the Debtor's deposit accounts at JPMorgan Chase Bank, N.A. over which JPMorgan Chase Bank has control.

26427685.1

4.  Carve-Out.

(a)   The Adequate Protection Liens, Prepetition Liens, and the Adequate Protection Superpriority Claims, shall be subject to a carve-out (the "Carve-Out") for the following, and in the following priority (i) all fees (and interest) required to be paid to the Clerk of the Bankruptcy Court and to the United States Trustee; (ii)  subject to the restrictions in Paragraph 5 of this ~~Interim~~ Final Order, the amount of allowed and unpaid fees, costs, and expenses of the estate's court-approved professionals in the Case incurred from and after the occurrence of an Event of Default, in an aggregate amount not to exceed (x) $175,000 in the case of the Debtor's court-approved professionals and (y) $~~30,000~~ 50,000 in the case of court-approved professionals retained by a committee, if any, appointed in the Case under Section 1102 of the Bankruptcy Code (a "Committee"); and (iii) the amount of allowed and unpaid fees, costs, and expenses of the estate's court-approved professionals in the Case incurred prior to the occurrence of an Event of Default, not to exceed the amounts set forth in applicable lines of the Approved Budget as of any applicable date of determination.

(b)   Upon the occurrence and continuance (beyond any applicable grace period) of an Event of Default (as defined ~~in~~ below), the right of the Debtor to pay fees and expenses of professionals retained by order of the Bankruptcy Court outside of the Carve-Out shall immediately terminate (a "Carve-Out Event"), and upon such occurrence, the Debtor shall provide immediate notice by facsimile and e-mail to all professionals informing them that a Carve-Out Event has occurred and further advising them that the Debtor's ability to pay estate professionals is subject to the Carve-Out.

(c)   Notwithstanding anything herein to the contrary, prior to a Carve-Out Event, the Debtor shall, in accordance with the Approved Budget and subject to the terms of this

304661676 v1
304708365 v3

26427685.1

~~Interim~~ Final Order and any other relevant orders of the Bankruptcy Court, be permitted to pay compensation and reimbursement of expenses to professionals allowed and payable under sections 330 and 331 of the Bankruptcy Code and such orders of the Bankruptcy Court authorizing the payment of compensation and reimbursement of expenses that have been incurred prior to the occurrence of such Carve-Out Event.

(d)     Nothing herein shall constitute a cap on the amount of professional fees and expenses that may be incurred or allowed in the Case; <u>provided</u> that no payments of such fees and expenses shall be made in excess of the amounts contained within or inconsistent with the Approved Budget and the Budget Covenant.

5.     <u>Restrictions on Use of Proceeds</u>. No proceeds from the Carve-Out may be used (1) to investigate or challenge in any respect the validity, priority, perfection, extent, or enforceability of the liens securing the Prepetition Secured Note or (2) to investigate or pursue any claims or causes of action of any kind against the Prepetition Lender; <u>provided</u>, that the proceeds from the Carve-Out may be used to pay the fees of professionals retained by a Committee, if any, to investigate the liens security the Prepetition Secured Note, in an amount not to exceed $20,000.

6.     <u>Events of Default</u>. The occurrence of any of the following events shall constitute an "<u>Event of Default</u>" under this ~~Interim~~ Final Order:

(a)     The Case shall be dismissed or converted to a case under chapter 7 of the Bankruptcy Code;

(b)     This ~~Interim~~ Final Order shall be stayed, amended, modified, reversed, or vacated without the written consent of the Prepetition Lender (which consent shall not be unreasonably withheld, conditioned or delayed),

7

304661676 v1
304708365 v3

26427685.1

which stay is not vacated, or which amendment, modification, reversal, or vacatur is not stayed within three (3) business days following the imposition of such stay or the effective date of such amendment, modification, reversal or vacatur;

(c)    Any Prepetition Collateral is sold without the prior written consent of the Prepetition Lender;

(d)    The Debtor shall file any application in support of any of (a) through (c) above;

(e)    The Debtor's filing of a motion to appoint, any other party's filing of a motion to appoint if such motion is not resolved within thirty (30 days), or the appointment of, a trustee or examiner with expanded powers in the Case;

(f)    Other than the Motion appearing at Docket No. 7, the Debtor shall file a motion or other pleading seeking to grant a lien on the Prepetition Collateral that is equal or senior to the Prepetition Liens;

(g)    The Court shall enter an order granting relief from the automatic stay to allow for foreclosure on any Prepetition Collateral with an aggregate book value in excess of $150,000;

(h)    The failure to satisfy the following milestones:  (i) on or before ~~April 21, 2020 the Debtor files a motion seeking approval of bidding procedures and~~ May 29, 2020, the Bankruptcy Court shall have entered on the docket an order approving bid procedures for the sale of substantially all of the Debtor's assets (the "Sale"), in the form and substance satisfactory to the

8

304661676 v1
~~304708365 v3~~

26427685.1

Prepetition Lender; and (ii) on or before ~~May 15, 2020, the Bankruptcy~~ ~~Court shall have entered on the docket an order approving bid procedures~~ ~~for the Sale, in form and substance satisfactory to the Prepetition Lender;~~ ~~and (iii) on or before July 15~~August 7, 2020, the Bankruptcy Court shall entered on the docket an order approving the Sale, in form and substance satisfactory to the Prepetition Lender; or

(i)     The Debtor's failure to perform, in any respect, any of the terms, conditions, covenants, or obligations under this ~~Interim~~ Final Order.

7.     <u>Proofs of Claim</u>. The Prepetition Lender will not be required to file proofs of claim in the Case for any claim allowed herein in relation to the Prepetition Secured Note. The Prepetition Lender is hereby authorized and entitled, in its sole discretion, but not required, to file (and amend or supplement, as applicable and as it sees fit) a proof of claim in the Case for any claim allowed herein in relation to the Prepetition Secured Note.

8.     <u>Limitations on the use of Prepetition Collateral</u>. The Prepetition Collateral may not be used in connection with: (a) preventing, hindering, or delaying any of the Prepetition Lender's enforcement or realization upon any of the Prepetition Collateral once an Event of Default has occurred; (b) selling or otherwise disposing of the Prepetition Collateral without the prior written consent of the Prepetition Lender; (c) using or seeking to use any insurance proceeds constituting Prepetition Collateral without the prior written consent of the Prepetition Lender; (d) objecting or challenging in any way any claims, liens, on the Prepetition Collateral, as the case may be, held by or on behalf of the Prepetition Lender; or (e) prosecuting an objection to,  contesting in any manner, or raising any defenses to (but not the investigation of),

26427685.1

the validity, extent, amount, perfection, priority, or enforceability of any of the Prepetition Liens or any other rights or interests of the Prepetition Lender.

9.        Prohibition on Liens/Subordination. Except as otherwise provided in thise Interim Order or this Final Order, the Prepetition Liens shall not at any time be (i) made subject or subordinated to, or made *pari passu* with, any other lien, security interest, or claim existing as of the Petition Date, or created under Sections 363 or 364(d) of the Bankruptcy Code or otherwise, or (ii) subject to any lien or security interest that is avoided and preserved for the benefit of the Debtor's estate under Section 551 of the Bankruptcy Code.

10.        Modification of Automatic Stay. Subject to the entry of a Final Order, the automatic stay imposed under Section 362(a) of the Bankruptcy Code is hereby modified solely, upon the occurrence of an Event of Default and following five (5) business days' written notice (the "Notice Period") by the Prepetition Lender to the Debtor, counsel to the Debtor, counsel to the Committee (if appointed) and the United States Trustee (collectively, the "Notice Parties") of the occurrence of such Event of Default, subject to an ability to cure, if such Event of Default is capable of being cured, during the Notice Period, to permit the Prepetition Lender to take any and all actions and remedies to proceed against, take possession of, protect and realize upon the Prepetition  Collateral and any other property of the estate of the Debtor upon which the Prepetition Lender has been or may hereafter be granted liens and security interests; provided, that such notice by the Prepetition Lender shall not prejudice the rights of the Notice Parties to file a motion (the "Opposition Motion") with the Court opposing the termination of the automatic stay or the occurrence of an Event of Default; provided, further, that upon the filing of such motion the Prepetition Lender shall be stayed from taking any actions or remedies against the Prepetition Collateral until the Court hears and disposes of such motion. During the Notice

304661676 v1
304708365 v3

~~26427685.1~~

Period and during the period following the filing of an Opposition Motion, the Debtor may use Cash Collateral to pay the following amounts and expenses in accordance with the Approved Budget:  (i) expenses that the Debtor has determined in good faith are in the ordinary course and critical to the preservation of the Debtor and its estate, and (ii) such other amounts as have been approved in advance in writing by the Prepetition Lender.  Notwithstanding the foregoing, nothing herein shall limit or restrict the issues to be decided by the Court upon an Event of Default.

11.    <u>No Third Party Rights</u>. Except as explicitly provided for herein, this ~~Interim~~ Final Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

~~12.     Rights Preserved. Entry of this Interim Order is without prejudice to any party in interest with respect to the terms and approval of the Final Order and any other position that such parties deem appropriate to raise in the Case.~~

~~13.~~12.  <u>Binding Effect of ~~Interim~~ Final Order</u>. Immediately upon entry of this ~~Interim~~ Final Order by this Court, the terms and provisions of this ~~Interim~~ Final Order shall become valid and binding upon and inure to the benefit of the Debtor, the Prepetition Lender, all other creditors of the Debtor, and all other parties in interest and their respective successors and assigns, including upon dismissal of the Case.

~~14.~~13.  <u>Priority of Terms</u>.  To the extent of any conflict between or among (a) the Motion, any other order of this Court ~~(other than a Final Order approving the Motion)~~ and (b) the terms and provisions of this Interim Order, on the other hand, the terms and provisions of this ~~Interim~~ Final Order shall govern.

304661676 v1
~~304708365 v3~~

26427685.1

15.14.  Amendment of Approved Budget.  The Debtor and the Prepetition Lender may amend the Approved Budget (after consultation with the Committee) on at least seven (7) calendar days prior notice to the Committee and the United States Trustee.  If the Committee or United States Trustee objects to any proposed amendment, the Debtor shall file a motion seeking approval of such amendment.

16.15.  Notwithstanding anything to the contrary herein, this Interim Final Order is without prejudice to the rights, if any, of any party in interest to object to, contest, or seek standing with respect to (i) the validity, amount or allowance of the Prepetition Secured Note, (ii) whether Debtor's cash is cash collateral as that term is defined in the Bankruptcy Code; (iii) the collateral pledged to secure the Prepetition Secured Note, (iv) the extent, validity, priority, perfection, extent or enforceability of any liens securing the Prepetition Secured Note, (v) whether any claims or causes of action exist against the Prepetition Lender relating to the Prepetition Secured Note or otherwise, and/or (vi) whether use of the Prepetition Collateral, including any cash collateral, will result in diminution as contemplated by the Bankruptcy Code.

17.16.  Headings. Section headings used herein are for convenience only and are not to affect the construction of or to be taken into consideration in interpreting this Interim Order.

18.   Final Hearing. The Final Hearing to consider entry of an Order authorizing, among other things, the use of Cash Collateral and the DIP Facility (as defined in the Motion) is scheduled for 10:00 a.m. (ET) on May 13, 2020 at the United States Bankruptcy Court for the District of Delaware. Within two business days of the entry of this Interim Order, the Debtor shall serve, by either or both electronic filing and by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "Final Hearing Notice"), together with copies of this Interim Order and the Motion, on the parties having been

12

26427685.1

given notice of the Interim Hearing as specified above, including but not limited to: (i) counsel to the Debtor; (ii) the United States Trustee; (iii) the Internal Revenue Service; (iv) creditors holding the twenty-five (25) largest unsecured claims against the Debtor; (v) parties asserting liens against the Prepetition Collateral; (vi) all relevant taxing authorities; (vii) the Securities and Exchange Commission; (viii) parties requesting notice in the Case; and (ix) counsel to the Prepetition Lender.  On or before April 29, 2020, the Debtor shall file and serve a proposed Final Order.  The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final Order shall file written objections with the Clerk of the Court no later than on May 6, 2020 at 4:00 p.m. (ET), which objections shall be served so as to be received on or before such date by: (i) counsel to the Debtor Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn:  Michael R. Nestor, Matthew B. Lunn and Kenneth J. Enos (mnestor@ycst.com, mlunn@ycst.com and kenos@ycst.com); (ii) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn:  Richard L. Schepacarter (Richard.Schepacarter@usdoj.gov); and (iii) counsel to the Prepetition Lender, K&L Gates, LLP, 599 Lexington Avenue, New York, NY 10022, Attn: John A. Bicks (john.bicks@klgates.com), James A. Wright III (james.wright@klgates.com), and Aaron S. Rothman (aaron.rothman@klgates.com).

19.17.  Bankruptcy Rule 7052. This Interim Final Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Any findings of fact shall constitute a finding of fact even if it is stated as a conclusion of law, and any conclusion of law shall constitute a conclusion of law even if it is stated as a finding of fact.

304661676 v1
304708365 v3

26427685.1

20.18.  Retention of Jurisdiction. The Court has and will retain jurisdiction to enforce this

Interim Order according to its terms

304661676 v1

304708365 v3

26427685.1

**Exhibit A**

Approved Budget

304661676 v1
304708365 v3