**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------x
                   :  Chapter 11
In re                 :
                   :  Case No. 20-10940 (LSS)
**ALPHA ENTERTAINMENT LLC,**    :
                   :
  Debtor.[1]              :  Ref. Docket No. 55 & 146
---------------------------------------------------------x

**ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (II) SCHEDULING AN AUCTION FOR AND HEARING TO APPROVE THE SALE; (III) APPROVING NOTICE OF RESPECTIVE DATE, TIME AND PLACE FOR AUCTION AND FOR HEARING ON APPROVAL OF SALE; (IV) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (V) APPROVING FORM AND MANNER <u>OF NOTICE THEREOF</u>; AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "*Motion*")[2] of the above-captioned debtor and debtor in possession (the "*Debtor*") for, among other relief, entry of an order authorizing or approving, (a) the bidding procedures (in the form attached hereto as <u>Exhibit 1</u>, the "*Bidding Procedures*") in connection with the sale or disposition (the "*Sale*") of the Debtor's assets (the "*Acquired Assets*"), (b) the notice of the Auction and Sale and hearing thereon (in the form attached hereto as <u>Exhibit 2</u>, the "*Notice of Auction and Sale Hearing*"), (c) the procedures (the "*Assignment Procedures*"), as set forth below, for the assumption and assignment of certain of the Debtor's executory contracts or unexpired leases, as applicable (the "*Designated Contracts*"), and (d) the notice of the potential assumption and assignment of the Designated Contracts (in the form attached hereto as <u>Exhibit 3</u>, the "*Notice of Assumption and Assignment*"); and this Court having found that it has jurisdiction

---

[1] The last four digits of the Debtor's federal tax identification number, is 7778. The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

[2] Capitalized terms used but not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

26353444.5

over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of the Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given except as set forth herein with respect to the Auction, the Sale Hearing and the potential assumption and assignment of the Designated Contracts; and a reasonable opportunity to object to or be heard regarding the relief provided herein has been afforded to parties-in-interest pursuant to Bankruptcy Rule 6004(a); and this Court having considered the Objection to the Motion filed by the Official Committee of Unsecured Creditors (the "***Committee***") appearing at Docket No. 146; the First Day Declaration; and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties in interest; and this Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**:[3]

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

26353444.5

      A.      The Bidding Procedures attached hereto as <u>Exhibit 1</u> are fair, reasonable and appropriate, and are designed to maximize the value to be achieved from the Sale.

      B.      The Bidding Procedures comply with the requirements of Local Rule 6004-1(c).

      C.      The Assignment Procedures provided for herein are fair, reasonable and appropriate, and are consistent with the provisions of section 365 of the Bankruptcy Code.

      D.      The Debtor has articulated good and sufficient business reasons for this Court to approve (i) the Bidding Procedures, including the scheduling of bid deadlines, an auction and a sale hearing with respect to the proposed Sale; and (ii) the establishment of procedures to assume and assign the Designated Contracts and fix the Cure Costs (as defined below) to be paid pursuant to section 365 of the Bankruptcy Code.

      E.      The Notice of Auction and Sale Hearing, and the Debtor's proposed publication thereof, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale, the Bidding Procedures, and the Assignment Procedures to be employed in connection therewith, including, without limitation: (i) the date, time and place of the Auction (if one is held); (ii) the Bidding Procedures and the dates and deadlines related thereto; (iii) the objection deadline for the Sale and the date, time and place of the Sale Hearing; (iv) reasonably specific identification of the Acquired Assets; and (v) representations describing the Sale as being free and clear of liens, claims, interests and other encumbrances, with all such liens, claims, interests and other encumbrances attaching with the same validity and priority to the proceeds of the Sale; and no other or further notice of the Sale shall be required.

      F.      The Notice of Assumption and Assignment is appropriate and reasonably calculated to provide each non-debtor party to any Designated Contracts (such parties, collectively, the "**Non-Debtor Counterparties**") with proper notice of the Assignment Procedures.  The

inclusion of any Designated Contract on a Notice Assumption and Assignment does not constitute an admission that a particular Designated Contract is an executory contract or unexpired lease of property or require, or guarantee, that such Designated Contracts will be assumed and assigned, and all rights of the Debtor with respect thereto are reserved.

      G.      No further notice beyond that described in the foregoing paragraphs is required in connection with the Sale.

      H.      The entry of this order (this "***Bidding Procedures Order***") is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest.

**IT IS HEREBY ORDERED THAT**:

    1.    The Motion is granted as set forth herein.

    2.    All objections to the Motion or the relief provided herein, as they pertain to the entry of this Order, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits.

### The Bidding Procedures

    3.    The Bidding Procedures are incorporated herein and approved, and shall apply with respect to the Sale. The Debtor is authorized to take all reasonable actions necessary or appropriate to implement the Bidding Procedures.

    4.    The Committee shall be timely provided with copies of all Bids, including any attendant materials, information and communications, received from any Potential Bidder and Qualified Bidder relating to such Bid or Qualified Bid, as applicable.

    5.    The Debtor is authorized to conduct the bidding process in accordance with the Bidding Procedures and the terms hereof, without the necessity of complying with any state or local bulk transfer laws or requirements applicable to the Debtor.

6.  Potential Bidders or Qualified Bidders (other than any Stalking Horse Bidder), shall not be allowed any break-up, termination or similar fee with respect to the Acquired Assets. Moreover, all Potential Bidders, Qualified Bidders, and any Stalking Horse Bidder (excluding any Bid Protections (as defined in the Bidding Procedures) approved by this Court) waive any right to seek a claim for substantial contribution pursuant to section 503 of the Bankruptcy Code, or the payment of any broker fees or costs, unless specifically agreed to by the Debtor upon consultation with the Consultation Parties and ultimately approved by this Court.

**Assignment Procedures**

7.  The following Assignment Procedures shall govern the assumption and assignment of the Designated Contracts in connection with the Sale, and any objections related thereto:

    a.  On or before June 3, 2020, the Debtor shall file with the Court and serve on each non-debtor counterparty (each a "***Non-Debtor Counterparty***") to each of the Designated Contracts the Notice of Assumption and Assignment. In the event that the Debtor identifies any Non-Debtor Counterparties which were not served with the Notice of Assumption and Assignment, the Debtor may subsequently serve such Non-Debtor Counterparty with a Notice of Assumption and Assignment, and the following procedures will nevertheless apply to such Non-Debtor Counterparty; <u>provided</u>, <u>however</u>, that the Cure Cost/Assignment Objection Deadline (defined below) with respect to such Non-Debtor Counterparty shall be 4:00 p.m. (prevailing Eastern Time) on the date that is the earlier of July 13, 2020 or fourteen (14) days following service of the Notice of Assumption and Assignment.

    b.  The Notice of Assumption and Assignment served on each Non-Debtor Counterparty shall: (i) identify each Contract; (ii) list the proposed calculation of the cure amounts that the Debtor believes must be paid to cure all defaults outstanding under the Designated Contract as of such date (the "***Cure Costs***"); (iii) include a statement that assumption and assignment of such Designated Contract is not required or guaranteed; and (iv) inform such Non-Debtor Counterparty of the requirement to file any Cure Cost/Assignment Objections (defined below) by the Cure Cost/Assignment Objection Deadline (defined below). Service of a Notice of Assumption and Assignment does not constitute an admission that a particular Designated Contract is an executory contract or unexpired lease of property, or confirm that the Debtor is required to assume and/or assign such Designated Contract.

    c.    Objections (a "*Cure Cost/Assignment Objection*"), if any, to (i) the scheduled Cure Costs, and/or (ii) the potential assumption, assignment and/or transfer of such Designated Contract (including the transfer of any related rights or benefits thereunder), other than objections that relate specifically to the identity of the Successful Bidder, must (x) be in writing; (y) state with specificity the nature of such objection, including the amount of Cure Costs in dispute and (z) be filed with the Court and properly served on the Notice Parties (as defined in the Bidding Procedures Order) so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on July 13, 2020 (the "*Cure Cost/Assignment Objection Deadline*"), subject to the proviso in subparagraph (a) above.

    d.    Objections (a "*Post-Auction Objection*") of any Non-Debtor Counterparty related solely to the identity of and adequate assurance of future performance provided by the Successful Bidder must: (x) be in writing; (y) state with specificity the nature of such objection; and (z) be filed with the Court and properly served on the Notice Parties so as to be received no later than 12:00 p.m. (prevailing Eastern Time) on August 5, 2020 (the "*Post-Auction Objection Deadline*"), subject to the proviso in subparagraph (a) above; <u>provided</u>, <u>however</u>, that in the event that the Debtor obtains a Stalking Horse Bid and provides notice of the identity of the Stalking Horse Bidder in the Notice of Assumption and Assignment, any objection of a Non-Debtor Counterparty related to the Stalking Horse Bid (including with respect to the identity of and adequate assurance of future performance provided by the Stalking Horse Bidder) must be filed as a Cure Cost/Assignment Objection by the Cure Cost/Assignment Objection Deadline.

    e.    Any Non-Debtor Counterparty to a Designated Contract who fails to timely file and properly serve a Cure Cost/Assignment Objection or Post-Auction Objection as provided herein will (i) be forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts with respect to such Designated Contract in the event it is assumed and/or assigned by the Debtor and the Debtor shall be entitled to rely solely upon the Cure Costs, and (ii) be deemed to have consented to the assumption, assignment and/or transfer of such Designated Contract (including the transfer of any related rights and benefits thereunder) to the Successful Bidder and shall be forever barred and estopped from asserting or claiming against the Debtor or such Successful Bidder that any additional amounts are due or defaults exist, or conditions to assumption, assignment, and/or transfer must be satisfied under such Designated Contract, or that any related right or benefit under such Designated Contract cannot or will not be available to the relevant Successful Bidder.

    f.    If a Non-Debtor Counterparty files a Cure Cost/Assignment Objection satisfying the requirements of these Assignment Procedures, the Debtor and the Non-Debtor Counterparty shall meet and confer in good faith to attempt

        to resolve any such objection without Court intervention. If the applicable parties determine that the objection cannot be resolved without judicial intervention in a timely manner, the Court shall make all necessary determinations relating to such Cure Cost/Assignment Objection at a hearing scheduled pursuant to the following paragraph.

    g.    Consideration of unresolved Cure Cost/Assignment Objections and Post-Auction Objections relating to all Designated Contracts, if any, will be held at the Sale Hearing, provided, however, that (i) any Designated Contract that is the subject of a Cure Cost/Assignment Objection solely with respect to the amount of the Cure Cost may be assumed and assigned prior to resolution of such objection and (ii) the Debtor, in consultation with the Consultation Parties, may adjourn a Cure Cost/Assignment objection in its discretion, in consultation with the Consultation Parties.

    h.    A timely filed and properly served Cure Cost/Assignment Objection or Post-Auction Objection will reserve the Non-Debtor Counterparty's rights relating to the Designated Contract, but will not be deemed to constitute an objection to the relief generally requested in the Motion with respect to the approval of the Sale.

    i.    The Debtor's decision to assume and assign the Designated Contracts to the relevant Successful Bidder is subject to the Court's approval and the closing of the Sale. Accordingly, absent the Court's approval and the closing of the Sale, the Designated Contracts shall not be deemed assumed or assumed and assigned, and shall in all respects be subject to further administration by the Debtor and its estate under the Bankruptcy Code in connection with the Chapter 11 Case.

### Notice Procedures

8.    Service and publication of the Notice of Auction and Sale Hearing are sufficient to provide effective notice to all interested parties of, *inter alia*, the Bidding Procedures, the Auction, the Sale Hearing, the Sale, and the Assignment Procedures in accordance with Bankruptcy Rules 2002 and 6004, as applicable, and are approved.

9.    On or before two (2) business days after entry of this Order, the Debtor will cause the Notice of Auction and Sale Hearing to be sent by first-class mail postage prepaid, to the following: (a) Richard Schepacarter, Esq., Office of the United States Trustee, 844 N. King Street, Room 2207, Lockbox 35, Wilmington DE, 19801; (b) counsel to the Committee, Greenberg

26353444.5

Traurig, LLP (i) 3333 Piedmont Road, NE, Suite 2500, Atlanta, GA 30305, Attn: David Kurzweil; and (ii) 1000 Louisiana Street, Suite 1700, Houston, TX 77002, Attn: Shari L. Heyen; (c) counsel to the Prepetition Lender, K&L Gates, LLP, 599 Lexington Avenue, New York, NY 10022, Attn: John A. Bicks and James A. Wright III; (d) all persons known or reasonably believed to have asserted an interest in any of the Acquired Assets; (e) the Attorneys General in the State(s) where the Acquired Assets are located; (f) all state and local taxing authorities in the State(s) where the Acquired Assets are located; (g) the Internal Revenue Service; (h) all parties that have asserted liens against the Acquired Assets, as applicable; and (i) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002

10. In addition to the foregoing, on or before five (5) business days after entry of the Bidding Procedures Order, the Debtor shall, subject to applicable submission deadlines, publish the Notice of Auction and Sale Hearing once in the national edition of *The New York Times*, and post the Notice of Auction and Sale Hearing and the Bidding Procedures Order on the website of the Debtor' claims and noticing agent, Donlin Recano & Company, Inc.

11. As soon as reasonably practicable following conclusion of the Auction, the Debtor shall file a notice on this Court's docket identifying the Successful Bidder(s) for the Acquired Assets and any applicable Next-Highest Bidder(s).

12. The Notice of Assumption and Assignment, and the other Assignment Procedures set forth herein, are sufficient to provide effective notice pursuant to Bankruptcy Rules 2002(a)(2), 6004(a) and 6006(c) to the Non-Debtor Counterparties to the Designated Contracts of the Debtor's intent to potentially assume and assign some or all of the Designated Contracts and are approved.

**Auction and Sale Hearing**

13. **Stalking Horse Bid Deadline**. As further described in the Motion, the deadline by which all Stalking Horse Bids must be actually received by the Debtor, in form, substance, and on terms and conditions reasonably acceptable to the Prepetition Lender (unless otherwise ordered by the Court), is July 23, 2020 at 11:59 p.m. prevailing Eastern Time (the "*Stalking Horse Bid Deadline*").

14. **Bid Deadline**. The deadline for submitting bids for the Acquired Assets (the "*Bid Deadline*") shall be 5:00 p.m. (ET) on July 30, 2020. No bid shall be deemed to be a Qualified Bid unless such bid meets the requirements set forth in the Bidding Procedures or is otherwise accepted by the Debtor upon consent of the Prepetition Lender (unless otherwise ordered by the Court), which consent shall not be unreasonably withheld.

15. **Auction**. The Debtor may sell the Acquired Assets by conducting an Auction in accordance with the Bidding Procedures. If at least two Qualified Bids (or one Qualified Bid if there is also a Stalking Horse Bid) are received by the Bid Deadline with regard to the Acquired Assets, the Debtor will conduct an Auction in accordance with the Bidding Procedures, which Auction shall take place on August 3, 2020 at 10:00 a.m. (prevailing Eastern Time) at the offices of counsel to the Debtor, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, or such later time or such other place as the Debtor shall designate upon consultation with the Consultation Parties. For the avoidance of doubt, the Debtor may, upon consultation with the Consultation Parties, conduct the Auction telephonically or by video conference. If the Debtor receives only one Qualified Bid with regard to the Acquired Assets: (a) the Debtor shall not hold an Auction with respect thereto; (b) that Qualified Bid may

26353444.5

be named the Successful Bid with respect to the Acquired Assets; and (c) that Qualified Bidder may be named the Successful Bidder with respect thereto.

16. Each Qualified Bidder participating in the Auction will be required to confirm, in writing, that (a) it has not engaged in any collusion with respect to the Bidding Process or on the record at the Auction, (b) its Qualified Bid is a good faith bona fide offer that it intends to consummate if selected as the Successful Bidder, and (c) the Potential Bidder agrees to serve as a backup bidder if the Potential Bidder's Qualified Bid is the next highest and best bid after the Successful Bid with respect to the Acquired Assets.

17. **Notice for Non-Debtor Counterparties**. The Debtor shall provide to any Non-Debtor Counterparty that is implicated by any Stalking Horse Bid or any Qualified Bid (a) the identity of the Stalking Horse Bidder or Qualified Bidder, and (b) adequate assurance information from the Stalking Horse Bidder or Qualified Bidder. The Debtor shall provide, or shall cause its counsel and/or the claims and noticing agent to provide, such information to any such affected Non-Debtor Counterparty within twenty-four (24) hours of receipt of such bid; provided, however, that each Non-Debtor Counterparty receiving adequate assurance information shall keep such adequate assurance information confidential, and shall be restricted from using or disclosing such information to any third party other than in connection with a Cure Cost/Assignment Objection, and in the event such counterparty files any such Cure Cost/Assignment Objection, it shall be permitted to file any portion of such pleading containing any Adequate Assurance Information under seal without any further order of this Court; provided further, however, that all parties' rights are reserved to object to the sealing of Adequate Assurance Information, as applicable.

18. **Sale Hearing**. The Sale Hearing shall be held before this Court on August 7, 2020 at 10:00 a.m. (prevailing Eastern Time) before the Honorable Judge Laurie Selber Silverstein,

United States Bankruptcy Judge for the Bankruptcy Court for the District of Delaware, at 824 North Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware 19801. The Debtor shall file a form of Sale Order no later than 14 days before the Sale Hearing. At the Sale Hearing, the Debtor will seek the entry of the Sale Order approving and authorizing the Sale to the Successful Bidder. The Sale Hearing (or any portion thereof) may be adjourned by this Court or the Debtor from time to time without further notice other than by announcement in open court, on this Court's calendar or through the filing of a notice or other document on this Court's docket.

19. **Sale Objection Deadline**. The deadline to object to the relief requested in the Motion, including entry of the proposed Sale Order (a "*Sale Objection*") is July 13, 2020 at 4:00 p.m. (prevailing Eastern Time) (the "*Sale Objection Deadline*"), except as to the Committee which objection deadline is July 30, 2020 at 4:00 p.m. (prevailing Eastern Time) (the "*Committee Sale Objection Deadline*"). A Sale Objection must be filed with this Court and served in the manner set forth below such that it is *actually received* no later than the Sale Objection Deadline or the Committee Sale Objection Deadline, as applicable.

### Objection Procedures

20. Any party that seeks to object to the relief requested in the Motion pertaining to approval of the Sale shall file a formal written objection that complies with the objection procedures set forth herein and in the Motion, as applicable.

21. Objections, if any, must: (i) be in writing; (ii) be signed by counsel or attested to by the objecting party; (iii) be in conformity with the applicable provisions of the Bankruptcy Rules and the Local Rules; (iv) state with particularity the legal and factual basis for the objection and the specific grounds therefor; (v) be filed with this Court; and (vi) be served on the following parties (the "*Notice Parties*"): (a) counsel to the Debtor, Young Conaway Stargatt & Taylor, LLP,

26353444.5

Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Matthew Lunn, Esq. (mlunn@ycst.com) and Kenneth J. Enos, Esq. (kenos@ycst.com); (b) counsel to the Official Committee of Unsecured Creditors of Alpha Entertainment LLC, Greenberg Traurig, LLP, (i) 3333 Piedmont Road, NE, Suite 2500, Atlanta, GA 30305, Attn: David Kurzweil (kurzweild@gtlaw.com), and (ii) 1000 Louisiana Street, Suite 1700, Houston, TX 77002, Attn: Shari L. Heyen (heyens@gtlaw.com); (c) Office of the United States Trustee, 844 N. King Street, Room 2207, Lockbox 35, Wilmington DE, 19801, Attn: Richard Schepacarter, Esq. (Richard.schepacarter@usdoj.com); and (d) counsel to the Prepetition Lender, K&L Gates, LLP, 599 Lexington Avenue, New York, NY 10022, Attn: John A. Bicks, Esq. (John.Bicks@klgates.com) and James A. Wright III (James.Wright@klgates.com).

22. Failure to file a Sale Objection on or before the Sale Objection Deadline: (a) shall forever bar the assertion, whether at any Sale Hearing or thereafter, of any objection to the Motion, to entry of the Sale Order, and/or to the consummation and performance of the Sale with a Successful Bidder, and (b) for purposes of section 363(f)(2) of the Bankruptcy Code, shall be deemed to be "consent" to entry of the Sale Order and consummation of the Sale and all transactions related thereto.

### Other Relief Granted

23. Absent an Order of this Court to the contrary, this Order shall be binding in all respects upon any trustees, examiners, "responsible persons" or other fiduciaries appointed in the Debtor's bankruptcy case or upon a conversion to chapter 7 under the Bankruptcy Code.

24. Nothing herein shall be deemed to or constitute the assumption, assignment or rejection of any executory contract or unexpired lease.

26353444.5

25. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective immediately and enforceable upon its entry.

26. In the event of any conflict between this Order and the Bidding Procedures, this Order shall govern in all respects.

27. The requirements set forth in Local Rules 6004-1, 9006-1, and 9013-1 are hereby satisfied or waived.

28. This Court shall retain exclusive jurisdiction over any matters related to or arising from the implementation of this Order.

*(signature)*

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

26353444.5

**Dated: May 28th, 2020**
**Wilmington, Delaware**