# **Exhibit 3**

**Notice of Assumption and Assignment**

26353444.3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
:
In re                                                    :   Chapter 11
:
:   Case No. 20-10940 (LSS)
ALPHA ENTERTAINMENT LLC,                                 :
:
Debtor.[1]                                               :   Cure Cost/Assignment Objection Deadline:
:   July 13, 2020 at 4:00 p.m. (ET)
:
:   Post-Auction Objection Deadline:
:   August 5, 2020 at 12:00 p.m. (ET)
:
:   Hearing Date:
:   August 7, 2020 at 10:00 a.m. (ET)
:
:
---------------------------------------------------------x

## NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On April 21, 2020, the debtor and debtor in possession in the above-captioned case (the "***Debtor***") filed with the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") its motion (the "***Motion***") for the entry of: (A) an order (the "***Bid Procedures Order***"),[2] (i) approving bidding procedures in connection with the sale of substantially all of the Debtor's assets (the "***Bidding Procedures***"); (ii) scheduling an auction for (the "***Auction***") and hearing (the "***Sale Hearing***") on the approval of the proposed sale or disposition (the "***Sale***") of the Debtor's assets (the "***Acquired Assets***"); (iii) approving notice of respective date, time and place for the Auction and for the Sale Hearing; (iv) approving procedures for the assumption and assignment of certain executory contracts and unexpired leases; (v) approving form and manner of notice; and (vi) granting related relief; and (B) an order authorizing and approving (i) the Sale free and clear of liens, claims, rights, encumbrances, and other interests; and (ii) the assumption and assignment of certain executory contracts and unexpired leases (collectively, the "***Designated Contracts***") and (iii) related relief.

---

[1] The last four digits of the Debtor's federal tax identification number, is 7778. The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures Order (including the Bid Procedures). Any summary of the Bid Procedures and the Bid Procedures Order contained herein is qualified in its entirety by the actual terms and conditions thereof. To the extent that there is any conflict between any such summary and such actual terms and conditions, the actual terms and conditions shall control.

3.    2

2. On May [27], 2020, the Bankruptcy Court entered the Bid Procedures Order [Docket No. ___].

3. The Sale Hearing shall take place on **August 7, 2020, at 10:00 a.m. (ET)**. The Sale Hearing may be adjourned by the Debtor from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or by filing a notice, which may be a hearing agenda, stating the adjournment, on the docket of the Debtor's chapter 11 case.

4. To facilitate the Sale, the Debtor is potentially seeking to assume and assign the Designated Contracts to any Successful Bidder, in accordance with the Assignment Procedures provided for in the Bid Procedures Order. Each of the Designated Contracts subject to potential assignment through the Sale process is identified on Exhibit 1 attached hereto. **THE INCLUSION OF ANY CONTRACT ON EXHIBIT 1 DOES NOT CONSTITUTE AN ADMISSION THAT A PARTICULAR CONTRACT IS AN EXECUTORY CONTRACT OR UNEXPIRED LEASE OF PROPERTY OR REQUIRE OR GUARANTEE THAT SUCH CONTRACT WILL BE ASSUMED AND ASSIGNED, AND ALL RIGHTS OF THE DEBTOR WITH RESPECT THERETO ARE RESERVED.** The cure amount (each, a "***Cure Cost***"), if any, that the Debtor believes is required to be paid to the applicable counterparty (each, a "***Non-Debtor Counterparty***," and collectively, the "***Non-Debtor Counterparties***") to each of the Designated Contracts under section 365(b)(1)(A) and (B) of the Bankruptcy Code is identified on Exhibit 1 attached hereto.

5. If a Non-Debtor Counterparty objects to the Cure Cost for its Designated Contract and/or to the proposed assumption, assignment and/or transfer of such Designated Contract (including the transfer of any related rights or benefits thereunder), other than objections that relate specifically to the identity of a Successful Bidder, the Non-Debtor Counterparty must file with the Bankruptcy Court and serve on the Notice Parties (as defined below) a written objection (a "***Cure Cost/Assignment Objection***"). Any Cure Cost/Assignment Objection must: (i) be in writing; (ii) signed by counsel or attested to by the objecting party; (iii) in conformity with the applicable provisions of the Bankruptcy Rules and the Local Rules; (iv) state with particularity the legal and factual basis for the objection and the specific grounds therefor; (v) be filed with the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801, together with proof of service, **on or before 4:00 p.m. (ET) on July 13, 2020** (the "***Sale Objection Deadline***"); and (vi) be served, so as to be actually received on or before the Sale Objection Deadline, upon (a) counsel to the Debtor, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Matthew B. Lunn and Kenneth J. Enos); (b) counsel to the Official Committee of Unsecured Creditors of Alpha Entertainment LLC, Greenberg Traurig, LLP, (i) 3333 Piedmont Road, NE, Atlanta, GA 30305, Attn: David Kurzweil (kurzweild@gtlaw.com), and (ii) 1000 Louisiana Street, Suite 1700, Houston, TX 77002, Attn: Shari L. Heyen (heyens@gtlaw.com); (c) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Room 2207, Lockbox 35, Wilmington DE, 19801 (Attn: Richard Schepacarter); and (d) counsel to the Debtor's prepetition lender, K&L Gates, LLP, 599 Lexington Avenue, New York, New York 10022 (Attn: John A. Bicks and James A. Wright III) (collectively, the "***Notice Parties***").

2.   2

6. Objections (a "***Post-Auction Objection***") of any Non-Debtor Counterparty related solely to the identity of, and adequate assurance of future performance provided by, the Successful Bidder must (i) be in writing; (ii) state with specificity the nature of such objection, and (iii) be filed with the Bankruptcy Court and properly served on the Notice Parties so as to be received **on or before 12:00 p.m. (ET) on August 5, 2020** (the "***Post-Auction Objection Deadline***").

7. At the Sale Hearing, the Debtor may seek Bankruptcy Court approval of the assumption and assignment to any Successful Bidder of those Designated Contracts that have been selected by the Successful Bidder to be assumed and assigned. The Debtor and its estate reserve any and all rights with respect to any Designated Contracts that are not ultimately assigned to the Successful Bidder.

8. Any Non-Debtor Counterparty to a Contract who fails to timely file and properly serve a Cure Cost/Assignment Objection or Post-Auction Objection as provided herein will (i) be forever barred from objecting to the Cure Cost and from asserting any additional cure or other amounts with respect to such Contract in the event it is assumed and/or assigned by the Debtor and the Debtor shall be entitled to rely solely upon the Cure Cost, and (ii) be deemed to have consented to the assumption, assignment and/or transfer of such Contract (including the transfer of any related rights and benefits thereunder) to the relevant Successful Bidder and shall be forever barred and estopped from asserting or claiming against the Debtor or the Successful Bidder that any additional amounts are due or defaults exist, or conditions to assumption, assignment, and/or transfer must be satisfied under such Contract, or that any related right or benefit under such Contract cannot or will not be available to the relevant Successful Bidder.

9. If a Non-Debtor Counterparty files a Cure Cost/Assignment Objection satisfying the requirements of these Assignment Procedures, the Debtor and the Non-Debtor Counterparty shall meet and confer in good faith to attempt to resolve any such objection without Bankruptcy Court intervention. If the applicable parties determine that the objection cannot be resolved without judicial intervention in a timely manner, the Bankruptcy Court shall make all necessary determinations relating to such Cure Cost/Assignment Objection at a hearing scheduled pursuant to the following Paragraph.

10. Consideration of unresolved Cure Cost/Assignment Objections and Post-Auction Objections relating to all Designated Contracts, if any, will be held at the Sale Hearing; *provided*, *however*, that (i) any Contract that is the subject of a Cure Cost/Assignment Objection with respect solely to the amount of the Cure Cost may be assumed and assigned prior to resolution of such objection and (ii) the Debtor, in consultation with the Consultation Parties and the parties to any Contract that is subject to a Cure Cost/Assignment objection, may adjourn a Cure Cost/Assignment objection.

11. A timely filed and properly served Cure Cost/Assignment Objection or Post-Auction Objection will reserve the filing Non-Debtor Counterparty's rights relating to the Contract, but will not be deemed to constitute an objection to the relief generally requested in the Motion with respect to the approval of the Sale.

2. 2

3

12. The Debtor's assumption and/or assignment of a Contract is subject to approval by the Bankruptcy Court and consummation of the Sale. Absent consummation of the Sale and entry of an order approving the assumption and/or assignment of the Designated Contracts, the Designated Contracts shall be deemed neither assumed nor assigned, and shall in all respects be subject to subsequent assumption or rejection by the Debtor.

13. Copies of the Motion, the Bid Procedures, the Bid Procedures Order, and the Assignment Procedures may be obtained by parties in interest free of charge on the dedicated webpage related to this chapter 11 case maintained by the claims and noticing agent in this case, Donlin, Recano & Company, Inc. (http://www.donlinrecano.com/alpha). Copies of such documents are also available for inspection during regular business hours at the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801, and may be viewed for a fee at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.

14. Any Non-Debtor Counterparty to a Contract may notify the Debtor, via an electronic mail request to the Debtor's counsel, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Matthew B. Lunn, Esq. (mlunn@ycst.com), Kenneth J. Enos, Esq. (kenos@ycst.com) and Shane M. Reil, Esq. (sreil@ycst.com), of its desire for information about (a) the identity of any Stalking Horse Bidder, as applicable; (b) adequate assurance information from the Stalking Horse Bidder (if its Contract is implicated by the Stalking Horse Bid), as applicable; (c) the identity of the Successful Bidder and any backup bidder; and (d) adequate assurance information from the Successful Bidder and any backup bidder (if its Contract is implicated by the Successful Bid or backup bid). Any such request shall include an email address whereby the requestor can receive such information, and Debtor shall provide, or shall cause their counsel and/or the claims and noticing agent to provide, such information to any requestor (a) with respect to a Stalking Horse Bidder, within the later of (i) twenty-four (24) hours after entry into any agreement with a Stalking Horse Bidder and (ii) twenty-four (24) hours after receipt by counsel to the Debtor of such a request; and (b) with respect to a successful Bidder or backup bidder, within the later of (i) twelve (12) hours after the conclusion of the Auction and (ii) twelve (12) hours after receipt by counsel to the Debtor of such a request.

[*Remainder of page intentionally left blank*]

2.    2

| | |
|---|---|
| Dated: [_____], 2020<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/* _____<br>Michael R. Nestor (No. 3526) (mnestor@ycst.com)<br>Matthew B. Lunn (No. 4119) (mlunn@ycst.com)<br>Kenneth J. Enos (No. 4544) (kenos@ycst.com)<br>Shane M. Reil (No. 6195) (sreil@ycst.com)<br>Matthew P. Milana (No. 6681) (mmilana@ycst.com)<br>1000 N. King Street<br>Rodney Square<br>Wilmington, Delaware 19801<br>Telephone:  (302) 571-6600<br>Facsimile:  (302) 571-1253<br><br>*Proposed Counsel to the Debtor and Debtor in Possession* |

2.    2

# **EXHIBIT 1**

**Designated Contracts**

(attached)

4.    2