# EXHIBIT A

**Proposed Order**

------------------------------------------------------x
|   |   |
|---|---|
| In re | : Chapter 11 |
|  | : |
| ALPHA ENTERTAINMENT LLC, | : Case No. 20-10940 (LSS) |
|  | : |
| Debtor.[1] | : Ref. Docket No. _____ |

------------------------------------------------------x

### ORDER AUTHORIZING THE DEBTOR TO REJECT CERTAIN EXECUTORY CONTRACTS, EFFECTIVE AS OF THE APPLICABLE REJECTION EFFECTIVE DATE

Upon the motion (the "*Motion*")[2] of the Debtor for the entry of an order, pursuant to sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, authorizing the Debtor to reject the Rejected Contracts set forth on Exhibit 1 this Order, effective as of the rejection effective date indicated for such Rejected Contracts on Exhibit 1 to this Order (the "*Rejection Effective Dates*"); and upon consideration of the First Day Declaration and the record of the Chapter 11 Case; and having determined that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and having determined that this is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and having determined that venue of the Chapter 11 Case and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and having determined that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and having determined that the relief requested in the Motion

---

[1] The last four digits of the Debtor's federal tax identification number are 7778. The Debtor's mailing address is 1266 East Main St., Stamford, CT 06902.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

26594389.3

is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Contracts, to the extent not already terminated in accordance with their applicable terms or upon agreement of the parties, are hereby rejected by the Debtor, with such rejection being effective as of the applicable Rejection Effective Date.

3. If the Debtor has deposited monies with the Counterparties to a Rejected Contract as a deposit or other arrangement, such Counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of this Court.

4. Any person or entity that holds a claim that arises from a Rejected Contract must file a proof of claim based on such rejection by the last date and time for each person or entity to file proofs of claim based on prepetition claims against the Debtor as set by an order of this Court.

5. Nothing in this Order shall impair, prejudice, waive, or otherwise affect any rights of the Debtor or its estate to assert that any claims for damages arising from the Debtor's rejection of the Rejected Contracts are limited to any remedies available under any applicable termination provisions of such Rejected Contracts, or that any such claims are obligations of a third party, and not those of the Debtor or its estate.

6. The Debtor is authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate, to implement and effectuate the relief granted by this Order.

7. The rights of the Debtor and its estate to assert that the Rejected Contracts expired by their own terms or were terminated prior to the date hereof are fully preserved, and the Debtor and its estate do not waive any claims that they may have against the Counterparties, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Contracts.

8. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

9. The requirements in Bankruptcy Rule 6006 and 6007 are satisfied.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

# EXHIBIT 1

**Rejected Contracts**

| Counterparty | Type of Contract | Description | Rejection Effective Date |
|---|---|---|---|
| Boeing Employee Credit Union[1] | Sponsorship Agreement | XFL Local Sponsorship Agreement | June 18, 2020 |
| Crown Castle Fiber LLC | Communications Services Agreement | Agreement for Dedicated Internet Access at 1001 McKinney St., 4th Floor, 400, Houston, TX 77002 | June 18, 2020 |
| Crown Castle Fiber LLC | Communications Services Agreement | Agreement for Dedicated Internet Access at 30 Montgomery St., 3rd Floor, 340-Suite E, Jersey City, NJ 07302 | June 18, 2020 |
| Crown Castle Fiber LLC | Communications Services Agreement | Agreement for Dedicated Internet Access at 345 N Maple Dr., 1st Floor, 185, Beverly Hills, CA 90210 | June 18, 2020 |
| Crown Castle Fiber LLC | Communications Services Agreement | Agreement for Dedicated Internet Access at 101 Ram Way, LL 1 Floor, Earth City, MO 63045 | June 18, 2020 |
| Crown Castle Fiber LLC | Communications Services Agreement | Agreement for Dedicated Internet Access at 1 International Blvd., 3rd Floor, Mahwah, NJ 07430 | June 18, 2020 |
| Crown Castle Fiber LLC | Communications Services Agreement | Agreement for Dedicated Internet Access at 4200 W Cypress St., 6th Floor, Tampa, FL 33607 | June 18, 2020 |

---

[1] Prior to the Rejection Effective Date, the Sponsorship Agreement between the Debtor and Boeing Employee Credit Union (the "**BECU Sponsorship Agreement**") terminated by its own terms. The Debtor nonetheless seeks authority to reject the BECU Sponsorship Agreement out of an abundance of caution.

26594389.3

| Crown Castle Fiber LLC | Communications Services Agreement | Agreement for Dedicated Internet Access at 750 N Saint Paul St., 14th Floor, 1400, Dallas, TX 75201 | June 18, 2020 |
|---|---|---|---|
| Crown Castle Fiber LLC | Communications Services Agreement | Agreement for Dedicated Internet Access at 1850 M St. NW, 9th Floor, 920, Washington, DC 20036 | June 18, 2020 |
| Express Healthcare, LLC | Medical Services Agreement | Agreement for Provision of Healthcare Services | June 18, 2020 |
| Merry X-Ray Corporation | Medical Supply and Services Agreement | Agreement for Use and Supply of X-Ray Equipment and Related Supplies | June 18, 2020 |
| Ricoh USA, Inc. | Equipment Lease Agreement | Lease number 3732416 for (2) Ricoh IMC4500 Configurable PTO Models | June 18, 2020 |
| Ricoh USA, Inc. | Equipment Lease Agreement | Lease number 3737045 for Ricoh IMC4500 Configurable PTO Model | June 18, 2020 |
| Ricoh USA, Inc. | Equipment Lease Agreement | Lease number 3735691 for (2) Ricoh IMC4500 Configurable PTO Models | June 18, 2020 |
| Ricoh USA, Inc. | Equipment Lease Agreement | Lease number 3737581 for (2) Ricoh IMC4500 Configurable PTO Models | June 18, 2020 |
| Ricoh USA, Inc. | Equipment Lease Agreement | Lease number 3738805 for Ricoh IMC4500 Configurable PTO Model | June 18, 2020 |
| Silver Lining Restorations Group LLC | Office Improvement and Construction Agreement | Agreement for Construction of Leasehold Improvement of XFL Headquarters | June 18, 2020 |